## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR, <br><br> PLAINTIFFS, <br><br> v. <br><br> KEN DETZNER, in his official capacity as Secretary of State for the State of Florida; and KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections, <br><br> DEFENDANTS. | Case No. 1:18-cv-00152 |

## CLASS COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## INTRODUCTION

1.      This is an action for injunctive and declaratory relief, including

immediate preliminary injunctive relief before Florida's November 6, 2018 general

election, seeking to enjoin Defendants to comply with Section 4(e) of the federal

Voting Rights Act of 1965 ("VRA"), 52 U.S.C. §10303(e), by providing Spanish-

language ballots, registration and other election materials, and assistance in the

following thirty-two (32) Florida counties for the November 6, 2018 election and future elections: Alachua, Bay, Brevard, Charlotte, Citrus, Clay, Columbia, Duval, Escambia, Flagler, Hernando, Highlands, Indian River, Jackson, Lake, Leon, Levy, Manatee, Marion, Martin, Monroe, Okaloosa, Okeechobee, Pasco, Putnam, St. Johns, St. Lucie, Santa Rosa, Sarasota, Sumter, Taylor, and Wakulla Counties (hereinafter, "the Counties").

2.      Section 4(e) of the VRA protects the voting rights of American citizens educated in Spanish-speaking Puerto Rican schools.  52 U.S.C. §10303(e). Section 4(e) requires that Spanish-language ballots, registration, and election materials, instructions, and assistance be provided to these citizens so that they may effectively exercise their right to vote.  *See id.*

3.      Section 4(e)'s protections apply to thousands of Spanish-speaking Puerto Ricans who reside and are eligible to vote in the Counties.  But Defendants intend to conduct the upcoming 2018 general election in the Counties entirely or predominantly in English, in direct contravention of those protections.

4.      Accordingly, Plaintiff Marta Valentina Rivera Madera, an individual resident of the Counties who will be unable to meaningfully exercise her right to vote unless Spanish-language materials and assistance are provided, as well as Plaintiffs Faith in Florida, Hispanic Federation, Mi Familia Vota Education Fund, UnidosUS, Vamos4PR (collectively, "Organizational Plaintiffs"), bring this action

seeking preliminary injunctive relief to require Defendants to comply with the VRA and provide Spanish-language ballots, other registration and election materials, and assistance for the upcoming November 6, 2018 general election, as well as declaratory relief and permanent injunctive relief covering subsequent elections.

5. Plaintiff Rivera seeks to bring this action on behalf of herself and a class of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2).

6. Plaintiff Mi Familia Vota Education Fund brings this action on its own behalf and also on behalf of its members, who include members of the proposed plaintiff class.

7. Plaintiffs Faith in Florida, Hispanic Federation, UnidosUS, and Vamos4PR each bring this action on their own behalf. (Plaintiff Rivera and the Organizational Plaintiffs are collectively referred to as "Plaintiffs").

8. Plaintiffs bring their claims against Florida's chief election officer, Defendant Secretary of State Ken Detzner, and against a proposed defendant class consisting of the thirty-two (32) Supervisors of Elections in the Counties, represented by Defendant Alachua County Supervisor of Elections Kim A. Barton.

## JURISDICTION AND VENUE

9.     This action for declaratory and injunctive relief arises under the

Voting Rights Act of 1965 as amended, 52 U.S.C. §§10101 et seq., and the Civil

Rights Act of 1871, 42 U.S.C. §1983.

10.     This Court has subject matter jurisdiction under 28 U.S.C. §1331

because this action arises under the laws of the United States, under 52 U.S.C.

§10101(d) because this action arises under the Voting Rights Act, and under 28

U.S.C. §§1343(a)(3)-(4) and 1357 because this action seeks equitable and other

relief pursuant to an act of Congress providing for the protection of the right to

vote.

11.     This Court has authority to issue declaratory relief under 28 U.S.C.

§§2201 and 2202.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)

because, among other things, a substantial part of the events or omissions giving

rise to the claim have occurred and will continue to occur in this District, because

Plaintiff Rivera resides in this district, and because Defendants Ken Detzner and

Kim A. Barton have their principal places of business in this District.

13.     Under N.D. Fla. Local Rule 3.1(A)-(B), this case is properly filed in

the Gainesville Division of this District because, among other things, a substantial

part of the events or omissions giving rise to the claim have occurred and will

continue to occur in counties included in the Gainesville Division, because Plaintiff Rivera resides in a county included in the Gainesville Division, and because Defendant Alachua County Supervisor of Elections Kim A. Barton has her principal place of business in a county included in the Gainesville Division.

## PARTIES

### Plaintiffs

14.     Plaintiff MARTA VALENTINA RIVERA MADERA is an adult U.S. citizen who is a resident of Alachua County, Florida.  Ms. Rivera is eligible to vote in Alachua County, Florida.  Ms. Rivera attended elementary through high school in San Juan, Puerto Rico, in which the predominant classroom language was Spanish.  Spanish is Ms. Rivera's primary language, and she cannot read, speak, or understand English well.  She wants and intends to vote in Florida's November 6, 2018 general election.  She is not able to exercise her right to vote effectively in an English-only election.

15.     Plaintiff FAITH IN FLORIDA is a statewide, nonpartisan, community organizing and advocacy nonprofit organization based in Florida.  Ensuring voters within Faith in Florida's member congregations, including Puerto Rican, Spanish-speaking members, are able to vote effectively is an important part of Faith in Florida's organizational mission.  In furtherance of that mission, Faith in Florida has a nonpartisan voter engagement campaign which visits Latino faith

congregations, including in the Counties, to provide voter education and materials to Spanish-language voters and to help register Spanish-language voters.  As a result of Defendants' and defendant class members' failure to ensure the provision of Spanish-language election materials and assistance to Spanish-speaking Puerto Ricans, including in the Florida 2018 general election, Faith in Florida will divert a portion of its limited resources to translate election information and provide support for Spanish-speaking voters within the Counties.

16.     Plaintiff HISPANIC FEDERATION is a nonpartisan, nonprofit community organizing and advocacy organization, with an office in Florida, whose purpose is to empower and advance the Hispanic community, including by promoting and facilitating increased civic engagement.  In furtherance of that mission, Hispanic Federation has a voter engagement advocacy program that works to mobilize and educate Spanish-speaking Floridians, including those within the Counties, to ensure those who are eligible and want to vote are able to do so. As a result of Defendants' and defendant class members' failure to ensure the provision of Spanish-language election materials and assistance to Spanish-speaking Puerto Ricans, including in the Florida 2018 general election, Hispanic Federation will divert a portion of its limited resources to providing Spanish language services to the Latino community within the Counties, including through

community educational forums and support at the polls for Spanish-language voters.

17.     Plaintiff MI FAMILIA VOTA EDUCATION FUND is a nonpartisan, nonprofit civic engagement organization, with offices in Florida, dedicated to empowering and engaging the Latino community in the democratic process.  Mi Familia Vota Education Fund's mission is to facilitate civic engagement by the Latino community.  In furtherance of that mission, Mi Familia Vota Education Fund, among other things, is one of the leading Latino outreach voter registration groups in Florida, and conducts voter registration efforts, education, and citizen workshops throughout Florida, including within the Counties.  Mi Familia Vota Education Fund has members within the Counties who are eligible to vote, attended school in Puerto Rico in which the predominant classroom language was Spanish, and cannot vote effectively in English.  As a result of Defendants' and defendant class members' failure to ensure the provision of Spanish-language election materials and assistance to Spanish-speaking Puerto Ricans, including in the Florida 2018 general election, Mi Familia Vota Education Fund will divert a portion of its limited resources to translating voting materials into Spanish, staffing a Spanish-language hotline, and providing one-on-one support for affected Spanish-language speakers within the Counties.  Mi Familia Vota Education Fund

brings this suit on its own behalf and on behalf of its members, in order to ensure that they are not denied their right to vote.

18.     Plaintiff UNIDOSUS is a nonprofit organization and the nation's largest Latino civil rights and advocacy organization.  UnidosUS has offices in Florida and has 15 member organizations in Florida, including member organizations based or working in the Counties.  UnidosUS works to build a stronger America by creating opportunities for Latinos, including by conducting a voter engagement campaign to mobilize and educate Spanish-speaking potential voters in the Counties and throughout Florida.  As a result of Defendants' and defendant class members' failure to ensure the provision of Spanish-language election materials and assistance to Spanish-speaking Puerto Ricans, including in the Florida 2018 general election, UnidosUS is diverting its limited resources from other projects to translate voting materials and provide other Spanish-language assistance to Spanish-language voters within the Counties.

19.     Plaintiff VAMOS4PR is a project of the Center for Popular Democracy, a nonpartisan, nonprofit organization.  Vamos4PR is a national coalition, with offices in Florida, dedicated to empowering and engaging the Puerto Rican community in the democratic process.  In furtherance of that mission, Vamos4PR works to ensure that Spanish-speaking voters in Florida have access to the necessary information and can exercise their right to vote.  As a result of

Defendants' and defendant class members' failure to ensure the provision of Spanish-language election materials and assistance to Spanish-speaking Puerto Ricans, including in the Florida 2018 general election, Vamos4PR will divert some of its limited resources to providing Spanish-language voter education materials to voters in the Counties.

20.     If Defendants and the proposed defendant class comply with Section 4(e) of the VRA and provide Spanish-language ballots, election materials, and assistance, Plaintiffs Faith in Florida, Hispanic Federation, Mi Familia Vota Education Fund, UnidosUS, and Vamos4PR could and would expend their resources on other voting rights and/or civic engagement projects leading up to the 2018 election.

21.     Plaintiff Rivera brings this action on behalf of herself and the following proposed plaintiff class:

> American citizens who attended some school in Puerto Rico, who have no or limited proficiency in English, and who are eligible to vote in any of the following Florida counties: Alachua, Bay, Brevard, Charlotte, Citrus, Clay, Columbia, Duval, Escambia, Flagler, Hernando, Highlands, Indian River, Jackson, Lake, Leon, Levy, Manatee, Marion, Martin, Monroe, Okaloosa, Okeechobee, Pasco, Putnam, St. Johns, St. Lucie, Santa Rosa, Sarasota, Sumter, Taylor, and Wakulla Counties.

22.     The proposed plaintiff class is adequately defined by objective criteria that are not vague, ambiguous, or amorphous.

23.     The proposed plaintiff class is so numerous that separate joinder of all members is impracticable.  A conservative estimate is that the proposed class includes more than 30,000 members.

24.     There are questions of law or fact common to the proposed plaintiff class.  Defendants and the proposed defendant class have engaged in a standardized course of conduct against all plaintiff class members by conducting English-only elections without providing sufficient Spanish-language materials or assistance.  That course of conduct affects all class members in the same way by making voting more difficult or effectively impossible.  In addition, at least the following questions of law or fact are amenable to class-wide resolution, and therefore common to the class:

   a.  Whether Plaintiffs are entitled to relief under Section 4(e) of the VRA requiring Defendant Secretary of State Ken Detzner ("Secretary") to take action, including but not limited to issuing directives and other orders, to ensure that the Florida counties in which class members reside will provide Spanish-language election materials, including but not limited to ballots, sample ballots, voting guides, and registration materials, and will make available bilingual assistance for voter registration in advance of the voter registration deadline and bilingual

poll workers to assist voters with absentee voting, at early voting sites, and on election day;

b. Whether Plaintiffs are entitled to relief under Section 4(e) of the VRA requiring Supervisors of Elections in Florida counties in which class members reside to provide Spanish-language election materials, including but not limited to ballots, sample ballots, voting guides, and registration materials, and to make available bilingual assistance for voter registration in advance of the voter registration deadline and bilingual poll workers to assist voters with absentee voting, at early voting sites, and on election day;

c. Whether the Court should provide declaratory relief holding that Section 4(e) of the VRA requires the provision of Spanish-language ballots, registration and other election materials to Spanish-speaking Puerto Rican voters and requires that bilingual assistance with voter registration in advance of the voter registration deadline and bilingual assistance during early voting, with absentee voting, and on election day be provided in the Florida counties in which class members reside; and

d. Whether the Court should enter preliminary and permanent injunctive relief requiring the Secretary and the Supervisors of Elections in the

counties in which class members reside to ensure the provision of Spanish-language election materials, including but not limited to ballots, sample ballots, voter guides, and registration materials, and to ensure the provision of bilingual Spanish-language assistance with voter registration, with absentee voting, and at the polls.

25.     Plaintiff Rivera's claims are typical of the claims of the proposed plaintiff class.  Plaintiff Rivera's claims arise from the same pattern or practice of Defendants and the proposed defendant class failing to provide sufficient Spanish-language election materials and assistance and are based on the exact same legal theory under Section 4(e) of the VRA.

26.     Plaintiff Rivera will fairly and adequately represent the interests of the plaintiff class.  Plaintiff Rivera has no conflicts with the proposed plaintiff class, and has retained qualified and experienced litigators to represent her.

27.     A plaintiff class is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants and the proposed defendant class have acted on grounds that apply generally to the class, so that final injunctive relief or declaratory relief is appropriate respecting the plaintiff class as a whole.  A single injunction or declaratory judgment will provide relief to each member of the proposed plaintiff class.  If the Court orders Defendants and the proposed defendant class to ensure that Spanish-language election materials and assistance

are provided in the counties where plaintiff class members reside, that order would provide relief to every plaintiff class member and eliminate a barrier to each plaintiff class member's ability to effectively exercise his or her right to vote.

**Defendants**

28.     Defendant KEN DETZNER is sued in his official capacity as Secretary of State of Florida ("Secretary"). The Secretary is the chief election officer of the state of Florida and is charged with supervising and administering the election laws. Fla. Stat. §§15.13, 97.012. The Secretary is responsible for issuing regulations to ensure the "proper and equitable … implementation of" the election laws. Fla. Stat. §97.012(1). The Secretary's regulations require that "[b]allots shall be translated into other languages that are required by law or court order." Fla. Admin. Code R. 1S-2.032(3)(b). The Secretary has the authority to advise County Supervisors of Elections as to the proper methods for conducting elections and to direct County Supervisors of Elections to perform specific duties. Fla. Stat. §97.012(14), (16). The Secretary is also expressly authorized to enforce the County Supervisors of Elections' performance of their election duties and compliance with the Secretary's rules in state court. Fla. Stat. §97.012(14). The Secretary has the authority to direct and require that the County Supervisors of Elections comply with Section 4(e) of the VRA, translate and provide ballots and other election materials in Spanish, and implement any orders issued by this Court.

29.     Defendant KIM A. BARTON is sued in her official capacity as Alachua County Supervisor of Elections.  Supervisor Barton is sued on her own behalf and as a representative of all other similarly-situated County Supervisors of Elections in the Counties.  As the Alachua County Supervisor of Elections, Supervisor Barton is responsible for the administration of elections in Alachua County.  Like all County Supervisors of Elections, her responsibilities in that regard include printing ballots, translating ballots, preparing sample ballots and voter guides, and hiring poll workers.  Fla. Stat. §§101.20, 101.21, 102.012, 102.014; Fla. Admin. Code R. 1S-2.033, 1S-2.032(3).

30.     In addition to bringing claims against Defendant Secretary Detzner and Defendant Supervisor Barton, Plaintiffs also bring this proceeding as a class action against the following proposed defendant class, as represented by Defendant Supervisor Barton:

> Supervisors of Elections for the following counties, in their official capacities:  Alachua, Bay, Brevard, Charlotte, Citrus, Clay, Columbia, Duval, Escambia, Flagler, Hernando, Highlands, Indian River, Jackson, Lake, Leon, Levy, Manatee, Marion, Martin, Monroe, Okaloosa, Okeechobee, Pasco, Putnam, St. Johns, St. Lucie, Santa Rosa, Sarasota, Sumter, Taylor, and Wakulla Counties.

31.     The proposed defendant class is adequately defined by objective criteria.  The members of the defendant class are specific elected officials easily identifiable from government records.

32.     The proposed defendant class is so numerous that separate joinder of all members is impracticable.  Joining 32 individual County Supervisors of Elections from across the state would cause inefficient and duplicative proceedings that would be difficult and impracticable to manage.

33.     There are questions of law or fact common to the proposed defendant class.   The proposed defendant class members have all engaged in and intend to engage in the same course of conduct against Plaintiffs: conducting English-only elections without providing sufficient Spanish-language materials or assistance. That common course of conduct gives rise to several questions of law or fact that are amenable to class-wide resolution, including the questions listed *supra* in paragraph 24.

34.     Defendant Supervisor Barton's defenses are typical of the claims or defenses of the proposed defendant class.  Defendant Supervisor Barton and the class member County Supervisors of Elections are public officers with identical public duties under Florida election law and regulations and Section 4(e) of the VRA.

35.     Defendant Supervisor Barton will fairly and adequately represent the interests of the defendant class.  Because Defendant Supervisor Barton is empowered with the same election law enforcement and oversight functions as every other county Supervisor of Elections, she can fairly and adequately protect

the interests of the Defendant class of Supervisors. As a public officer, Defendant Supervisor Barton can be expected to litigate this action with the vigor and forthrightness required of a representative party.

36. A defendant class is appropriate under Federal Rule of Civil Procedure 23(b)(1)(A) because the prosecution of separate lawsuits against each county's Supervisor of Elections would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for voters as well as the County Supervisors of Elections. Such separate actions would create a substantial risk of incompatible standards for the provision of Spanish-language election materials and assistance that vary depending upon the county in which voters and Supervisors reside. Different standards for voters in different counties would raise equal protection issues. *See Bush v. Gore*, 531 U.S. 98, 104 (2000); *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1185 (11th Cir. 2008).

37. A defendant class is independently appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications with respect to individual class members, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede the ability of the other nonparty members to protect their interests. All of the proposed defendant class members have identical election-related

responsibilities, and all serve counties where a significant number of voters protected by Section 4(e) reside. Thus, if this case were brought only against Defendant Supervisor Barton, *all* County Supervisors of Elections in the proposed defendant class would risk running afoul of federal law if they failed to provide Spanish-language election materials and assistance in a manner consistent with any court order in this case.

38. A defendant class is also independently appropriate under Federal Rule of Civil Procedure 23(b)(2), because the relief Plaintiffs and the proposed plaintiff class seek—namely, a declaratory judgment and order to provide Spanish-language election materials and assistance—is identical as to each member of the defendant class, thereby making appropriate preliminary and final injunctive and corresponding declaratory relief with respect to the defendant class as a whole.

## LEGAL BACKGROUND

39. Section 4(e) of the Voting Rights Act of 1965 (52 U.S.C. §10303(e)) protects the voting rights of persons educated in "American-flag schools" in languages other than English, by prohibiting the States from conditioning the right to vote of such individuals on the ability to read or understand English.

40. Section 4(e) provides that no one who completed sixth grade in any "school in … any state, territory, the District of Columbia, or the Commonwealth of Puerto Rico in which the predominant classroom language was other than

English, shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language." 52 U.S.C. §10303(e)(2).

41. Congress's main purpose in enacting Section 4(e) was to protect the rights of Spanish-speaking Puerto Ricans to vote stateside. *Katzenbach v. Morgan*, 384 U.S. 641, 645 & n.3, 652 (1966).

42. Congress later eliminated the sixth-grade education requirement from Section 4(e). *See* 52 U.S.C. §10501(a); *Arroyo v. Tucker*, 372 F. Supp. 764, 766 (E.D. Pa. 1974).

43. As a result, Section 4(e) now applies to all "persons who attended any number of years of school in Puerto Rico*." Puerto Rican Org. for Political Action v. Kusper*, 490 F.2d 575, 579 (7th Cir. 1973) ("*Kusper II*").

44. Under Section 4(e), States must provide Spanish-language voting materials and assistance to all persons who attended school in Puerto Rico and are unable to vote effectively in English. *United States v. Berks Cty.*, 277 F. Supp. 2d 570, 579 (E.D. Pa. 2003) (collecting cases).

## FACTUAL ALLEGATIONS

45. Plaintiff Rivera, plaintiff class members, and members of Mi Familia Vota Education Fund were educated in schools in Puerto Rico in which the classroom language was predominately Spanish.

46.     Although Plaintiff Rivera, plaintiff class members, and members of Mi Familia Vota Education Fund now reside in the Counties, they do not understand, read, speak, or write English sufficiently to be able to vote effectively in an English-only election.

47.     Plaintiff Rivera, plaintiff class members, and members of Mi Familia Vota Education Fund are eligible – and many want and intend – to vote in Florida's elections, including in the upcoming November 6, 2018 general election.

48.     But unless registration and election instructions, ballots, voter education and outreach materials, and assistance are provided in the Spanish language, Plaintiff Rivera, plaintiff class members, and members of Mi Familia Vota Education Fund will be unable to vote effectively.

49.     The Counties are each home to a substantial population of citizens who are eligible to vote, attended school in Puerto Rico in which the classroom language was predominately Spanish, and are unable to vote effectively in English.

50.     The U.S. Census Bureau's 2011-2015 American Community Survey (ACS) estimated that 143,559 adults aged 18 years-old and over of Puerto Rican heritage reside in the Counties.  An estimated 97,355 of these adults of Puerto Rican heritage speak Spanish at home.  Among these Puerto Rican adults who speak Spanish at home, an estimated 30,302 are not proficient in English, meaning

they are "unable to speak or understand English adequately enough to participate in the electoral process." 52 U.S.C. §10503(b)(3)(B).

51. Many of these individuals attended at least some school in Puerto Rico in which the primary language of instruction was not English, because "[t]he primary language of classroom instruction in Puerto Rico is Spanish." *Berks Cty.*, 277 F. Supp. 2d at 574; *see* P.R. Regs. DE REG. 8115, Art. III, §B.

52. In addition, data from the Florida Division of Elections reflects that more than 36,500 registered voters in the Counties identified themselves on their voter registration forms as being born in Puerto Rico. The Counties include many more adults who were born in Puerto Rico and are eligible to vote, but who have not yet registered, as well as additional registered Puerto Ricans who did not volunteer their birthplace because it is not required on the registration form. Many of these individuals have limited English proficiency.

53. The Counties' first-generation Puerto Rican population has increased significantly in the wake of Hurricane Maria in September 2017.

54. Most of those recently-arrived residents were educated at Spanish-language schools in Puerto Rico, and many are not proficient in English.

55. Like Plaintiff Rivera and members of Mi Familia Vota Education Fund, the plaintiff class of thousands of Spanish-speaking Puerto Ricans who currently reside and are eligible to vote in the Counties but who are not proficient

in English will not be able to vote effectively unless they have access to Spanish-language ballots, election materials, and assistance.

56.     The "right to vote means the right to effectively register the voter's political choice." *Puerto Rican Org. For Political Action v. Kusper*, 350 F. Supp. 606, 610 (N.D. Ill. 1972) ("*Kusper I*"), *aff'd, Kusper II*, 490 F.2d 575, 580 (7th Cir. 1973).

57.     If the Counties' registration materials and assistance, voting guides, voting instructions, ballots or ballot labels on voting machines, and other election materials are provided only in English, the ability to vote effectively of Plaintiff Rivera, members of Mi Familia Vota Education Fund, and the class of similarly-situated citizens who have limited or no English proficiency will be seriously impaired.

58.     Plaintiff Rivera, members of Mi Familia Vota Education Fund, and all other similarly-situated class members in the Counties are therefore entitled to such materials and assistance as may be necessary to enable them to vote effectively, including bilingual ballots, registration and other election materials, and assistance.

59.     The Counties in the defendant class conduct English-only elections and do not provide Spanish-language ballots, or sufficient other Spanish-language election materials or assistance.

60.     By not providing Spanish-language ballots or sufficient other Spanish-language election materials and assistance, the Counties condition the right to vote of plaintiff class members on their ability to read, write, understand, or interpret the English language.

61.     Although many of the Counties have been repeatedly requested to do so, the Counties will not and/or have not made binding commitments to provide Spanish-language ballots or sufficient Spanish-language registration and other election materials or assistance at the polls for the upcoming November 2018 general election.

62.     In April 2018, Plaintiffs Mi Familia Vota Education Fund, UnidosUS, Vamos4PR, and a coalition of other groups sent letters to the Supervisors of Elections of 13 of the largest Counties in the defendant class, including Defendant Supervisor Barton, with copies to Defendant Secretary Detzner and to the President of the Florida State Association of Supervisors of Elections, Inc., demanding that they provide Spanish-language materials and assistance under Section 4(e) for the upcoming 2018 elections.

63.     In June 2018, Plaintiffs Mi Familia Vota Education Fund, UnidosUS, Vamos4PR, and the other members of the coalition sent follow-up letters to the Supervisors of Election of those 13 Counties, including Defendant Supervisor

Barton, with copies to Defendant Secretary Detzner and to the President of the

Florida State Association of Supervisors of Elections, Inc., reiterating that demand.

64.     Despite these efforts, the Counties have stated that they will not

provide Spanish-language ballots for the 2018 elections.  In addition, none of the

Counties has formally committed to provide sufficient Spanish-language election

materials and assistance for the 2018 elections.

65.     If the Counties do not provide Spanish-language ballots, other election

materials, and assistance for the 2018 and subsequent Florida elections, Plaintiff

Rivera, members of Mi Familia Vota Education Fund, and all similarly-situated

individuals in the plaintiff class will effectively be disenfranchised.

66.     The right to vote is a precious and fundamental right that is the heart

of our democracy.  The loss of that right for the 2018 general election, and any

subsequent elections, for Plaintiff Rivera, members of Mi Familia Vota Education

Fund, and the members of the proposed plaintiff class, is an irreparable injury.

67.     The Organizational Plaintiffs' diversion of resources, including staff

and volunteer time, during the run-up to the November 6, 2018 elections to support

plaintiff class members who are entitled to Spanish-language materials and

assistance under Section 4(e) are also irreparable injuries.  Even if those Plaintiff

organizations could be compensated for their expenditures, they will not be able to

regain the opportunity to use their resources to educate and mobilize voters prior to

the 2018 election. The Organizational Plaintiffs will suffer similar irreparable injury for every election in which Spanish-language materials and assistance are not provided as required by Section 4(e) of the VRA.

68.     Because the registration deadline for the 2018 general election is October 9, 2018, and the election is November 6, 2018, the irreparable injury to Plaintiff Rivera, affected members of Mi Familia Vota Education Fund, and plaintiff class members is imminent.

69.     Requiring Defendants to ensure that the Counties provide Spanish-language ballots, materials, and election assistance for the 2018 general and other upcoming elections serves the public's strong interest in ensuring that every qualified voter is able to participate equally in the electoral process.

70.     The irreparable injuries and fundamental right to vote of Plaintiff Rivera, affected members of Mi Familia Vota Education Fund, and the thousands of members of the plaintiff class far outweigh any hardship that Defendants might contend they face in ensuring the provision of Spanish-language election materials and assistance.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Voting Rights Act, 52 U.S.C. §10303(e))

71.     Plaintiffs repeat and reallege the allegations in all the preceding paragraphs as if fully set forth herein.

72.     Section 4(e) of the Voting Rights Act, 52 U.S.C. §10303(e), prohibits denying the right to vote to any person who attended a school in Puerto Rico in which the predominant classroom language was other than English, because of his or her inability to read, write, understand, or interpret any matter in the English language.

73.     Plaintiff Rivera, members of Mi Familia Vota Education Fund, and the thousands of members of the plaintiff class attended school in Puerto Rico in which the predominant classroom language was other than English, and are not able to vote effectively in English.

74.     Defendant Secretary Detzner authorizes and permits the Counties to provide English-only ballots, registration and election materials, instructions, and assistance, and does not require the Counties to provide bilingual ballots or Spanish-language election materials, instructions, or assistance.

75.     Defendant Supervisor Barton and the members of the defendant class have failed to provide Spanish-language ballots, and fail to provide sufficient other Spanish-language election materials and assistance.

76.     By failing to require and provide Spanish-language ballots and sufficient Spanish-language registration and election materials and assistance to Plaintiff Rivera, affected members of Mi Familia Vota Education Fund, and plaintiff class members, Defendants Detzner, Barton, and the members of the

defendant class are denying these thousands of American citizens the right to vote because of their inability to read, write, understand, or interpret any matter in the English language, in violation of 52 U.S.C. §10303(e).

77.     Defendants' and defendant class members' conduct disenfranchises Plaintiff Rivera, affected members of Mi Familia Vota Education Fund, and the members of the plaintiff class.  Absent this Court's intervention, Plaintiff Rivera, affected members of Mi Familia Vota Education Fund, and the thousands of plaintiff class members will suffer irreparable harm as a result of Defendants' and the defendant class members' conduct.

78.     To avoid imminent and irreparable harm, Defendants' and the defendant class members' conduct must be preliminarily and permanently enjoined and Defendants and the defendant class members must be ordered to comply with 52 U.S.C. §10303(e) forthwith, as set forth *infra* in the Prayer for Relief.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiffs pray that the Court order the following relief and remedies:

1.     Declare and adjudge that Defendants' and the defendant class members' conducting of English-only elections in the Counties violates 52 U.S.C. §10303(e).

2.      Grant a preliminary and permanent injunction (a) enjoining Defendants and the defendant class from conducting or allowing the conducting of elections without Spanish-language ballots and sufficient Spanish-language election materials and assistance in the Counties and (b) requiring Defendants and the defendant class to issue directives and take all other measures necessary to ensure that all election materials provided in English in the Counties—including but not limited to paper ballots, voting machine ballots, sample ballots, absentee ballots, voting guides, voting instructions, registration materials, polling place signage, and websites—are also provided in Spanish for the 2018 general election and all subsequent elections; and that Spanish-speaking poll workers are provided at the polls to assist voters during the 2018 general election and all subsequent elections, and Spanish speakers are made available to assist with voter registration and absentee voting before the 2018 general election and all subsequent elections.

3.      Award Plaintiffs' attorneys' fees and costs, including pursuant to 52 U.S.C. §10310(e) and 42 U.S.C. §1988; and

4.      Award all such other and further relief as the Court deems to be just and equitable.


Dated: August 16, 2018                    Respectfully submitted,

                                          By: */s/ Kira Romero-Craft*
                                              Kira Romero-Craft

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org

ESPERANZA SEGARRA
(FL SBN 527211)
JACKSON CHIN
(*pro hac vice forthcoming*)
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
esegarra@latinojustice.org
jchin@latinojustice.org

*Attorneys for Plaintiffs*

CHIRAAG BAINS*
(*pro hac vice forthcoming*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District
of Columbia; practice limited pursuant
to D.C. App. R. 49(c)(3).

STUART NAIFEH
(*pro hac vice forthcoming*)
Demos
80 Broad St., 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org

*Attorneys for Plaintiffs*

STEPHEN P. BERZON
(*pro hac vice forthcoming*)
STACEY M. LEYTON
(*pro hac vice forthcoming*)
MATTHEW J. MURRAY
(*pro hac vice forthcoming*)
CORINNE F. JOHNSON
(*pro hac vice forthcoming*)
MEGAN C. WACHSPRESS
(*pro hac vice forthcoming*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com
mwachspress@altber.com

*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER
(*pro hac vice forthcoming*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org

*Attorneys for Plaintiffs Mi Familia Vota
Education Fund and Vamos4PR*