# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR, <br><br>PLAINTIFFS, <br><br>v. <br><br>KEN DETZNER, in his official capacity as Secretary of State for the State of Florida; and KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections, <br><br>DEFENDANTS. | Case No. 1:18-cv-00152-MW-GRJ <br><br> **EMERGENCY REQUEST FOR IMMEDIATE RULING ON MONDAY, NOVEMBER 5** |

## PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE RELIEF REQUIRING COMPLIANCE WITH PRELIMINARY INJUNCTION

Plaintiffs learned earlier today (Sunday, November 4, 2018) that Duval County Supervisor of Elections Mike Hogan ("Duval Supervisor Hogan") is not providing any Spanish-language facsimile ballots at early voting sites, in violation of this Court's September 10, 2018 corrected Preliminary Injunction Order (ECF 59). Plaintiffs request immediate emergency relief, to be issued Monday, November 5, 2018, as follows:

1

(1) Requiring Defendant Secretary of State Ken Detzner to immediately comply with this Court's Preliminary Injunction Order by ensuring that Duval Supervisor Hogan makes available Spanish-language facsimile ballots at all polling sites, including on Election Day;

(2) Requiring Defendant Detzner to instruct all counties that they are required to make such Spanish-language facsimile ballots available at all polling sites; and

(3) Directly enjoining Duval Supervisor Hogan to immediately comply with the Preliminary Injunction Order by making available Spanish-language facsimile ballots at all polling sites, including on Election Day.

An order against Defendant Detzner is proper because, as this Court has previously recognized, he has the authority and responsibility to ensure compliance with the Voting Rights Act, and this Court's Preliminary Injunction Order requires that he instruct the Supervisors of Elections in 32 counties, including Duval, to comply with Section 4(e) by providing Spanish-language facsimile ballots at all polling places. And an order against Duval Supervisor Hogan is proper both because he is an individual acting "in active concert or participation with" Defendant Secretary Detzner to violate the preliminary injunction, Fed. R. Civ. P. 65(d)(2)(C), and because this Court has authority to issue all writs necessary in aid of its jurisdiction under the All Writs Act, 28 U.S.C. §1651(a), including an order

enjoining Duval Supervisor Hogan from interfering with or frustrating this Court's Preliminary Injunction Order.

## FACTS

Earlier today, Sunday, November 4, 2018, Plaintiffs' counsel was informed that Duval Supervisor Hogan has not posted or otherwise made available Spanish-language facsimile ballots at early voting locations. *See* Declaration of Kira Romero-Craft in Support of Emergency Relief ("Romero-Craft Dec.") ¶¶2-3. Plaintiffs' counsel immediately contacted Duval Supervisor Hogan, whose deputy general counsel responded via email asserting Duval Supervisor Hogan's position that, because he "does not post or provide English-language sample ballots in early voting sites," this Court's Preliminary Injunction Order does not require that any Spanish facsimile ballots be posted or made available to voters at early voting sites. *See id.* ¶3 & Ex. A (email from counsel for Duval Supervisor Hogan stating "our read of Judge Walker's order never mandated that Spanish-language sample ballots appear in early voting sites").

Plaintiffs' counsel promptly contacted counsel for Defendant Secretary of State Detzner to request that Defendant Detzner immediately ensure compliance with this Court's Preliminary Injunction Order by requiring Duval Supervisor Hogan to make available at all voting sites Spanish-language facsimile ballots,

both during early voting and on Election Day.  *See id.* ¶4 & Ex. B.  Counsel for Defendant Detzner has not responded to Plaintiffs' urgent requests.  *Id.* ¶4.

In follow-up correspondence, counsel for Duval Supervisor Hogan reasserted the position that this Court's Order does not require him to provide Spanish-language facsimile ballots at early voting sites.  *Id.* ¶5 & Ex. C.  Counsel for Duval Supervisor Hogan asserted that Duval Supervisor Hogan intends to post Spanish- and English-language sample ballots at polling sites on Election Day and to provide Spanish-language sample ballots upon request, but did not acknowledge that this Court's Order requires him to do so.  *See id.* Ex. C.

Early voting ended today.  Election Day is this Tuesday, November 6, 2018.

## ARGUMENT

Immediate relief is necessary to ensure compliance with this Court's Preliminary Injunction Order, which required Defendant Detzner to direct the 32 Supervisors of Elections in the proposed defendant class, including Duval Supervisor Hogan, that each of those Supervisors: "***shall make available a facsimile sample ballot in Spanish to voters who fall within the ambit of Section 4(e) of the Voting Rights Act***.  The sample ballots shall have matching size, information, layout, placement, and fonts as an official ballot does.  The sample ballots need not be completely identical; for example, the sample ballot need not

4

contain bar codes or other markings that official ballots may have or be printed on the same stock, etc." ECF 59 at 26 (emphasis added).

In addition to this clear express requirement to make available Spanish-language facsimile ballots *to all voters* protected by Section 4(e), the Order directed the Supervisors to *also* "publish the same facsimile sample ballot on their website with Spanish-language directions. To the extent English-language sample ballots are mailed, published, or advertised, such sample ballots must also include the sample Spanish-language ballot. ***The Supervisor of Election shall also provide signage in Spanish at polling places making voters aware of such sample ballots***." *Id.* (emphasis added).

Duval Supervisor Hogan has expressly refused to comply with this Court's order by refusing to make available any Spanish-language facsimile ballots at early voting sites. *See* Romero-Craft Decl. ¶¶2-3 & Ex. A. Duval Supervisor Hogan's counsel asserts that this Court's order does not require that Spanish-language facsimile ballots be made available at polling sites. *Id.* Exs. A & C. But the plain language of this Court's order requiring Duval Supervisor Hogan (and the 31 other Supervisors in the proposed defendant class) to "***make available a facsimile sample ballot in Spanish to voters***," ECF 59 at 26 (emphasis added), clearly requires that the facsimile ballots be made available at all polling sites – that is where individuals become "voters" by casting a vote. Moreover, the Court's order

contain bar codes or other markings that official ballots may have or be printed on the same stock, etc." ECF 59 at 26 (emphasis added).

In addition to this clear express requirement to make available Spanish-language facsimile ballots *to all voters* protected by Section 4(e), the Order directed the Supervisors to *also* "publish the same facsimile sample ballot on their website with Spanish-language directions. To the extent English-language sample ballots are mailed, published, or advertised, such sample ballots must also include the sample Spanish-language ballot. ***The Supervisor of Election shall also provide signage in Spanish at polling places making voters aware of such sample ballots***." *Id.* (emphasis added).

Duval Supervisor Hogan has expressly refused to comply with this Court's order by refusing to make available any Spanish-language facsimile ballots at early voting sites. *See* Romero-Craft Decl. ¶¶2-3 & Ex. A. Duval Supervisor Hogan's counsel asserts that this Court's order does not require that Spanish-language facsimile ballots be made available at polling sites. *Id.* Exs. A & C. But the plain language of this Court's order requiring Duval Supervisor Hogan (and the 31 other Supervisors in the proposed defendant class) to "***make available a facsimile sample ballot in Spanish to voters***," ECF 59 at 26 (emphasis added), clearly requires that the facsimile ballots be made available at all polling sites – that is where individuals become "voters" by casting a vote. Moreover, the Court's order

contain bar codes or other markings that official ballots may have or be printed on the same stock, etc." ECF 59 at 26 (emphasis added).

In addition to this clear express requirement to make available Spanish-language facsimile ballots *to all voters* protected by Section 4(e), the Order directed the Supervisors to *also* "publish the same facsimile sample ballot on their website with Spanish-language directions. To the extent English-language sample ballots are mailed, published, or advertised, such sample ballots must also include the sample Spanish-language ballot. ***The Supervisor of Election shall also provide signage in Spanish at polling places making voters aware of such sample ballots***." *Id.* (emphasis added).

Duval Supervisor Hogan has expressly refused to comply with this Court's order by refusing to make available any Spanish-language facsimile ballots at early voting sites. *See* Romero-Craft Decl. ¶¶2-3 & Ex. A. Duval Supervisor Hogan's counsel asserts that this Court's order does not require that Spanish-language facsimile ballots be made available at polling sites. *Id.* Exs. A & C. But the plain language of this Court's order requiring Duval Supervisor Hogan (and the 31 other Supervisors in the proposed defendant class) to "***make available a facsimile sample ballot in Spanish to voters***," ECF 59 at 26 (emphasis added), clearly requires that the facsimile ballots be made available at all polling sites – that is where individuals become "voters" by casting a vote. Moreover, the Court's order

that Duval Supervisor Hogan (and the other Supervisors) must "also provide signage in Spanish *at polling places making voters aware of such sample ballots*," *id.* (emphasis added), would make no sense if the Spanish-language facsimile ballots were not available at the polling sites for voters to review and use after being made aware of their existence by these signs.

Duval Supervisor Hogan has asserted that he intends to provide Spanish-language facsimile ballots at polling sites on Election Day, but he has not acknowledged that this Court's Preliminary Injunction Order requires him to do so, and his understanding of his obligation to post Spanish-language sample ballots at polling sites appears to hinge on whether he chooses to post English-language sample ballots. *See* Romero-Craft Dec. Ex C. But the Order requires Spanish-language facsimile ballots at all polling locations regardless of whether those polling locations have an English facsimile ballot. *See* ECF 59 at 26. After all, the *regular* ballot is in English, and limited-English proficient voters need to refer to the Spanish-language facsimile ballot to be able to vote on the English ballot. Duval Supervisor Hogan's failure to acknowledge the requirements of this Court's Order and his failure to make available the required Spanish-language facsimile ballots during early voting casts serious doubt on his assurances about Election Day.

Plaintiffs promptly contacted counsel for Defendant Secretary Detzner after learning of Duval Supervisor Hogan's refusal to comply with this Court's Order, *see* Romero-Craft Dec. ¶4 & Ex. B, but Defendant Secretary Detzner has not immediately remedied this failure to comply with this Court's Order in Duval County, and further delay is not an option, given that Election Day is slightly more than 24 hours away. An order requiring Defendant Detzner to ensure compliance with the preliminary injunction by ensuring that Spanish-language facsimile ballots are made available at all polling sites in Duval County (and the 31 other counties at issue), including on Election Day, is thus appropriate.

In addition to ordering further injunctive relief against Defendant Detzner, this Court can and should directly enjoin Duval Supervisor Hogan to comply with this Court's Preliminary Injunction Order, on two independently sufficient grounds.

First, Duval Supervisor Hogan is bound by this Court's preliminary injunction under Federal Rule of Civil Procedure 65, because he is a member of the proposed defendant class; he has acknowledged that he has actual notice of this Court's Preliminary Injunction Order, *see* Romero-Craft Dec. Ex. A; *see also* ECF 61 (Secretary Detzner informed all 32 Supervisors, including Duval Supervisor Hogan, of this Court's Preliminary Injunction Order, including by providing a complete copy of the Order to the Supervisors); and with respect to the provision

of Spanish-language facsimile ballots required by this Court's Order, Duval Supervisor Hogan is acting "in active concert or participation with" Defendant Secretary Detzner. Fed. R. Civ. P. 65(d)(2)(C).

"Rule 65(d) is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or **subject to their control**." *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179 (1973) (emphasis added; internal quotation marks omitted). As this Court held in the Preliminary Injunction Order itself, Duval Supervisor Hogan is subject to Defendant Detzner's control, in that Defendant Detzner has the authority to direct the Supervisor to comply with the Voting Rights Act in general and with this Court's Order in particular. *See* ECF 59 at 6-9; *see also id.* at 10 ("Defendant Detzner has ample authority to enforce election laws across the state."); *id.* at 26 (ordering Secretary Detzner to direct the Supervisors to comply with preliminary injunction). Duval Supervisor Hogan thus is among the invidivuals bound by this Court's Preliminary Injunction Order under Rule 65(d).

Second, even if Duval Supervisor Hogan were not already directly bound under Rule 65(d), an order directly against him in these circumstances would be appropriate under the All Writs Act, which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

usages and principles of law." 28 U.S.C. §1651(a). This Court can "issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *U.S. v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). This includes issuing orders to non-parties who "are in a position to frustrate the implementation of a court order." *Id.* at 174; *see Grand Traverse Band of Ottawa and Chippewa Indians v. Dir., Mich. Dept. of Nat. Resources*, 141 F.3d 635, 641-42 (6th Cir. 1998) ("[I]t is well settled that third parties who interfere with a court order may be enjoined from doing so."). This Court's Preliminary Injunction Order was intended to ensure that the county Supervisors of Elections make available to voters protected by Section 4(e) of the Voting Rights Act Spanish-language facsimile ballots during voting – including during early voting and on Election Day. Because Duval Supervisor Hogan's refusal to make those Spanish-language facsimile ballots available at early polling sites interferes with and frustrates this Court's order, this Court may enjoin Duval Supervisor Hogan directly under the All Writs Act to prevent further interference.

## CONCLUSION

For all these reasons, Plaintiffs request an immediate order: (1) requiring Defendant Detzner to immediately comply with this Court's Preliminary Injunction Order by requiring Duval Supervisor Hogan to make available Spanish-language

9

facsimile ballots at all polling sites, including on Election Day; (2) requiring Defendant Detzner to instruct all 32 Supervisors of Elections in the proposed defendant class that this Court's Preliminary Injunction Order requires that each Supervisor make available Spanish-language facsimile ballots at all polling sites, including on Election Day; and (3) directly ordering Duval Supervisor Hogan under Rule 65(d) and the All Writs Act to comply with, and cease interfering with, this Court's Preliminary Injunction Order, by immediately making available Spanish-language facsimile ballots at all polling sites, including on Election Day.

Dated: November 4, 2018

Respectfully submitted,

By: /s/ Matthew J. Murray
  Matthew J. Murray

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org

ESPERANZA SEGARRA
(FL SBN 527211)
JACKSON CHIN
(*pro hac vice forthcoming*)
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
esegarra@latinojustice.org
jchin@latinojustice.org

STEPHEN P. BERZON (*pro hac vice*)
STACEY M. LEYTON (*pro hac vice*)
MATTHEW J. MURRAY (*pro hac vice*)
CORINNE F. JOHNSON (*pro hac vice*)
MEGAN C. WACHSPRESS (*pro hac vice*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com
mwachspress@altber.com

*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)

*Attorneys for Plaintiffs*

CHIRAAG BAINS* (*pro hac vice*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District
of Columbia; practice limited
pursuant to D.C. App. R. 49(c)(3).

STUART NAIFEH (*pro hac vice*)
Demos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org

*Attorneys for Plaintiffs*

Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org

*Attorneys for Plaintiffs Mi Familia Vota Education Fund and Vamos4PR*

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Northern District of Florida Local Rule 7.1(C), I certify that, prior to filing this motion, counsel for Plaintiffs attempted to contact counsel for Defendant Secretary of State Detzner in a good faith attempt to resolve the matters raised herein. As described in this motion and the accompanying Declaration of Kira Romero-Craft, counsel for Defendant Secretary Detzner did not immediately respond to that attempt and there is a need for emergency relief from this Court.

*/s/ Matthew J. Murray*
Matthew J. Murray

## CERTIFICATE OF WORD COUNT

Pursuant to Northern District of Florida Local Rule 7.1(F), I certify that, according to the word count of the word processing system used to prepare this document, the foregoing memorandum contains 1,896 words.

*/s/ Matthew J. Murray*
Matthew J. Murray

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local Rule 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 4th day of November, 2018.

*/s/ Matthew J. Murray*
Matthew J. Murray