# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARTA VALENTINA RIVERA
MADERA, on behalf of herself
and all others similarly situated,
FAITH IN FLORIDA, HISPANIC FEDERATION,
MI FAMILIA VOTA EDUCATION FUND,
UNIDOSUS, and VAMOS4PR,

      *Plaintiffs,*

V.                                  Case No. 1:18-cv-152-MW/GRJ

KENNETH W. DETZNER, in his official
capacity as the Florida Secretary
of State, and KIM A. BARTON, in her
official capacity as Alachua County
Supervisor of Elections, on behalf of
herself and similarly situated County
Supervisors of Elections,

      *Defendants.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE RELIEF

This Court has considered, without hearing, Plaintiffs' Emergency

Motion for Immediate Relief Requiring Compliance with Preliminary

Injunction. ECF No. 77. Specifically, Plaintiffs request that this Court order

Defendant Secretary of State Kenneth Detzner to "ensure compliance with the

preliminary injunction by ensuring that Spanish-language facsimile ballots

are made available at all polling sites in Duval County (and the 31 other

1

counties at issue), including on Election Day." *Id.* at 7. The motion is **GRANTED in part** and **DENIED in part**.

On September 10, 2018, this Court granted in part Plaintiffs' motion for preliminary injunction. ECF No. 59. This Court ordered Defendant Detzner to direct 32 county supervisors of elections[1] to "make available a facsimile sample ballot in Spanish to voters who fall within the ambit of Section 4(e) of the Voting Rights Act." *Id.* at 26. In doing so, this Court applied the plain language of Section 4(e) of the Voting Rights Act, which unequivocally "prohibit[s] the States from conditioning the right to vote of [Puerto Ricans] on ability to read, write, understand, or interpret any matter in the English language." 52 U.S.C. § 10303(e)(1). This Court emphasized that Puerto Ricans are American citizens and are educated primarily in Spanish. Thus, they possess the precious right to vote but, unique among non-English-speaking Americans, are not required to be educated in English at any level.

Due to the time constraints of the election cycle and the burdens that printing official Spanish-language ballots would impose on the state and county supervisors of elections, this Court granted to Plaintiffs the bare minimum relief the Voting Rights Act requires. The heart of this Court's

---

[1] These counties are Alachua, Bay, Brevard, Charlotte, Citrus, Clay, Columbia, Duval, Escambia, Flagler, Hernando, Highlands, Indian River, Jackson, Lake, Leon, Levy, Manatee, Marion, Martin, Monroe, Okaloosa, Okeechobee, Pasco, Putnam, St. Johns, St. Lucie, Santa Rosa, Sarasota, Sumter, Taylor, and Wakulla.

minimal relief was the requirement that Defendant Detzner order counties to "make available" facsimile ballots in Spanish. This Court could be fairly criticized for not going far enough in granting Plaintiffs' requested relief.

Now, after the end of the early-voting period and on the eve of Election Day, Plaintiffs have filed an emergency motion seeking to ensure compliance with this Court's order on preliminary injunction. The cause of this motion was Duval County Supervisor of Elections Mike Hogan's strained and selective reading of this Court's preliminary injunction order. *See* ECF No. 78, Ex. A. His reading, which inexplicably ignored this Court's unambiguous language to "make available a facsimile sample ballot in Spanish to voters who fall within the ambit of Section 4(e) of the Voting Rights Act" apparently, and unfortunately, resulted in no Spanish-language sample ballots being provided during the early-voting period in Duval County. With early voting now concluded, remedies related to early voting have left the station.[2]

Now onto Election Day. Plaintiffs provide evidence that Supervisor Hogan "will be posting precinct specific Spanish-language and English-language sample ballots at each of Duval County's 199 voting precincts on Election Day. Additionally, Spanish-language ballots will be available for any voter who requests one on Election Day." ECF No. 78, Ex. C. Supervisor Hogan

---

[2] Whether a legal remedy exists or whether this remains a political question for the people of Duval County at the next supervisor of elections' race can be addressed on a future non-emergency basis.

should be commended for providing official Spanish-language ballots—after all, this went beyond this Court's minimal requirements. *See* ECF No. 59, at 26–27.

Even so, Supervisor Hogan's Election Day arrangements are precisely those arrangements that Congress mandated election officials take by passing Section 4(e) of the Voting Rights Act. And these arrangements in 32 Florida counties only resulted after this Court was forced to apply the plain language of the Act to these non-complying counties—and this only after several organizations filed a lawsuit seeking compliance.

Let this Court be plain. "The Supervisor of Election shall make available a facsimile sample ballot in Spanish to voters who fall within the ambit of Section 4(e) of the Voting Rights Act," *id.* at 26, means Spanish-language sample ballots shall be available at all polling locations. It is not only this Court's Preliminary Injunction Order requiring Supervisor Hogan to comply with the Voting Rights Act. It is also the Voting Rights Act. And it is also Florida law. The Secretary of State has the responsibility to "provide written direction and opinions to the supervisors of elections on the performance of their official duties." Fla. Stat. § 97.012(16). The Secretary did so on September 11, 2018. *See* ECF No. 61.

Finally, this Court notes that it did not sit on Plaintiffs' motion. It received Plaintiffs' emergency motion at 11:57 p.m. EST on Sunday, November

4 and is now issuing this Order before 1:00 p.m. on Monday, November 5, having just picked a jury in another matter.

Accordingly,

**IT IS ORDERED**:

1. Plaintiffs' Emergency Motion for Immediate Relief Requiring Compliance with Preliminary Injunction, ECF No. 77, is **GRANTED in part** and **DENIED in part**. It is **GRANTED** insofar as the Secretary of State shall ensure compliance with this Court's order on preliminary injunction. It is **DENIED** insofar as Plaintiffs seek any relief related to early voting.

2. The Secretary of State shall electronically notify the supervisors of elections of the 32 covered counties **by 5:00 p.m. on November 5, 2018** that compliance with this Court's order on preliminary injunction is not optional. Accordingly, facsimile sample ballots in Spanish shall be available to all voters who fall within the ambit of Section 4(e) of the Voting Rights Act. All terms of this Court's order on preliminary injunction remain in effect. The Secretary shall attach this Order in his notification to the supervisors of elections.

3. The Secretary of State shall provide this Court a notice of compliance

with this Order by 6:30 p.m., November 5, 2018.

**SO ORDERED on November 5, 2018.**

**s/Mark E. Walker** _____
**Chief United States District Judge**