# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARTA VALENTINA RIVERA
MADERA, on behalf of herself
and all others similarly situated,
FAITH IN FLORIDA, HISPANIC FEDERATION,
MI FAMILIA VOTA EDUCATION FUND,
UNIDOSUS, and VAMOS4PR,

    *Plaintiffs*,

v.                                     Case No. 1:18-cv-152-MW/GRJ

LAUREL LEE, in her official
capacity as the Florida Secretary
of State, and KIM A. BARTON, in her
official capacity as Alachua County
Supervisor of Elections, on behalf of
herself and similarly situated County
Supervisors of Elections,

    *Defendants*.
_____/

## ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION

This Court has considered, without hearing, Plaintiffs' motion for certification of plaintiff class, ECF No. 4, and Plaintiffs' motion for certification of defendant class, ECF No. 5. The motions are **DENIED without prejudice**.

Put simply, the classes are not necessary. A "district court should ask itself whether the need for the class exists to offset the concomitant expense and complexities associated with class action suits." *McArthur v. Firestone*, 690 F. Supp. 1018, 1018 (S.D. Fla. 1988). Courts in the Eleventh Circuit have held

1

that class certification may not be necessary when "all relief . . . would insure to similarly situated persons without the necessity of class certification." *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001).[1]

As this Court emphasized in its order on preliminary injunction, the Secretary of State is Florida's chief elections officer and has ample power and responsibility to ensure uniformity and compliance with all election laws. ECF No. 57, at 7–9. The Eleventh Circuit has recently acknowledged the Secretary's authority as chief elections officer in another election dispute. *Democratic Exec. Comm. of Fla. v. Lee*, 2019 WL 638722, at *3 (11th Cir. Feb. 15, 2019) (citing Fla. Stat. § 97.012 (2016); *Fla. Democratic Party v. Detzner*, 2016 WL 6090943, at * 4–5 (N.D. Fla. Oct. 16, 2016); and *Ex parte Young*, 209 U.S. 123 (1908)) ("Because the Secretary is the state's chief election officer with the authority to relieve the burden on Plaintiffs' right to vote, she was appropriately sued for prospective injunctive relief.").

Because the Secretary has abundant power and responsibility to order the states' supervisors of elections to comply with the relief this Court might

---

[1] "[T]he vast majority of courts . . . [accept] the need requirement . . . as an appropriate consideration when certifying a Rule 23(b)(2) action." 7AA CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC. & PROC. § 1785.2 (3d ed.). *See also A.R. v. Dudek*, 2017 WL 3766139, at *2 (S.D. Fla. Feb. 29, 2016) (adopting magistrate judge's report and recommendation that class certification is not necessary); *Ruiz v. Robinson*, 2012 WL 3278644, at *3 (S.D. Fla. Aug. 9, 2012); *M.R. v. Bd. of Sch. Comm'rs of Mobile Cty.*, 286 F.R.D. 510, 519–20 (S.D. Ala. 2012); *and Hall v. Burger King Corp.*, 1992 WL 372354, at *12 (S.D. Fla. Oct. 1992).

fashion in this dispute, this Court cannot conceive of any situation where a class of 32 supervisors of elections would be necessary. Instead, class certification would merely duplicate the relief originating from the Secretary following this Court's order. This reasoning applies with equal force to Plaintiffs' class certification motion for a plaintiff class. Any remedy benefitting the individual and organizational Plaintiffs would include any benefits for potential plaintiff class members.

Admittedly, the parties did not brief the necessity of certification issue in their motions for class certification and their responses. If this Court is mistaken, Plaintiffs are welcome to move again for class certification. At this point, however, this Court is hard-pressed to see the necessity for either a plaintiff or defendant class when the Secretary of State can order relief for potential plaintiff class members.

Accordingly,

**IT IS ORDERED**:

1. Plaintiffs' motion for plaintiff class certification, ECF No. 4, is **DENIED without prejudice**.

2. Plaintiffs' motion for defendant class certification, ECF No. 5, is

**DENIED without prejudice**.

**SO ORDERED on March 5, 2019.**

                                              **s/Mark E. Walker**
                                              **Chief United States District Judge**