## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR, <br><br> PLAINTIFFS, <br><br> v. <br><br> LAUREL M. LEE, in her official capacity as Secretary of State for the State of Florida; and KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections, <br><br> DEFENDANTS. | Case No. 1:18-cv-00152-MW-GRJ |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Marta Valentina

Rivera Madera and Plaintiffs Faith in Florida, Hispanic Federation, Mi Familia

Vota Education Fund, UnidosUS, and Vamos4PR move for a preliminary

injunction requiring Defendant Secretary of State Laurel M. Lee to comply with

Section 4(e) of the Voting Rights Act, 52 U.S.C. §10303(e), by directing and

ensuring that Spanish-language ballots and all other written election materials and

Spanish-bilingual oral election and voting assistance are made available in the following 32 counties for all upcoming elections from August 1, 2019 through the resolution of this litigation: Alachua County; Bay County; Brevard County; Charlotte County; Citrus County; Clay County; Columbia County; Duval County; Escambia County; Flagler County; Hernando County; Highlands County; Indian River County; Jackson County; Lake County; Leon County; Levy County; Manatee County; Marion County; Martin County; Monroe County; Okaloosa County; Okeechobee County; Pasco County; Putnam County; St. Johns County; St. Lucie County; Santa Rosa County; Sarasota County; Sumter County; Taylor County; and Wakulla County (collectively, the "Counties").

Plaintiffs' requested relief is set forth in full in the Proposed Order accompanying this motion.  In summary, Plaintiffs seek an order preliminarily enjoining Defendant Secretary Lee to issue directives and take all other measures necessary to ensure that all election materials in the Counties—including but not limited to paper ballots, voting machine ballots, sample ballots, absentee ballots and envelopes, voting guides, voting instructions, polling place signage, election-related websites, and registration materials—are provided in Spanish as well as English and to ensure that bilingual workers provide oral assistance with voter registration, absentee voting, and voting at early voting sites and polling places for

all upcoming elections on and after August 1, 2019 until this case is finally resolved.

Plaintiffs' motion is based on this motion; the attached memorandum; the accompanying proposed order; the accompanying declarations of Dr. Daniel A. Smith, Corinne Johnson, and Peter Mason; the Notice of Compliance filed by Defendant Secretary of State Laurel M. Lee on February 28, 2019, ECF Nos. 105, 105-1 through 105-2; the materials provided in support of Plaintiffs' August 16, 2018 motion for a preliminary injunction, ECF Nos. 2-2 through 2-10, 3, 3-1 through 3-46, 45, 45-1 through 45-12, 46, 46-1 through 46-10, 47, 47-1 through 47-21, 48, 48-1, 54; the materials provided in support of Plaintiffs' November 4, 2018 emergency motion for immediate relief requiring compliance with preliminary injunction, ECF Nos. 78, 78-1 through 78-3; and the materials provided in support of Plaintiffs' November 16, 2018 reply in support of Plaintiffs' motion for certification of a defendant class, ECF Nos. 83 and 83-1.

**<u>MEMORANDUM IN SUPPORT OF</u>**
**<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

I.     INTRODUCTION ........................................................................1

II.    BACKGROUND ...........................................................................2

    A.    The Court's Prior Rulings on Preliminary Injunctive Relief ...............2

    B.    The Counties' 2019 and 2020 Elections ................................6

III.  ARGUMENT .................................................................................7

    A.    Plaintiffs Are Entitled to Further Preliminary Injunctive Relief for Upcoming Elections. ....................................................................7

        1.    Plaintiffs are likely to succeed on the merits. ............................7

        2.    Plaintiffs will suffer irreparable harm without injunctive relief. ...................................................................................12

        3.    Preliminary injunctive relief is in the public interest ...............13

        4.    The balance of equities favors Plaintiffs ...................................13

    B.    Injunctive Relief Should Ensure That Puerto Rico-Educated Voters Can Exercise Their Right to Vote Effectively in Upcoming Elections ...................................................................................14

        1.    Written election materials  ......................................................15

        2.    Bilingual assistance  .................................................................17

        3.    Election official training ..........................................................19

        4.    Reporting and other requirements ............................................20

IV.  CONCLUSION ...........................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Action NC v. Strach*,
   216 F.Supp.3d 597 (M.D.N.C. 2016) .................................................................12

*Arroyo v. Tucker*,
   372 F.Supp. 764 (E.D. Pa. 1974) ........................................................ 9, 16, 17, 19

*Democratic Exec. Comm. of Fla. v. Lee*,
   2019 WL 638722 (11th Cir. Feb. 15, 2019) .......................................................11

*League of Women Voters of Florida, v. Detzner*,
   314 F. Supp. 3d 1205 (N.D. Fla. 2018) .............................................................12

*League of Women Voters of N. Carolina. v. North Carolina*,
   769 F.3d 224 (4th Cir. 2014) .................................................................... 12, 13

*Obama for Am. v. Husted*,
   697 F.3d 423 (6th Cir. 2012) ...........................................................................12

*Puerto Rican Org. for Political Action v. Kusper*,
   490 F.2d 575 (7th Cir. 1973) .........................................................................7, 8

*Torres v. Sachs*,
   381 F.Supp. 309 (S.D.N.Y. 1974) ............................................................. *passim*

*United States v. Berks Cty. ("Berks II")*,
   277 F.Supp.2d 570 (E.D. Pa. 2003) ........................................................... *passim*

*United States v. Berks Cty. ("Berks I")*,
   250 F.Supp.2d 525 (E.D. Pa. 2003) ...................................................................13

*Winter v. Natural Resources Defense Council*,
   555 U.S. 7 (2008) ..............................................................................................7

**Statutory Authorities**

52 U.S.C. §10303(e) ...................................................................................... *passim*

# I.  INTRODUCTION

Additional preliminary injunctive relief is necessary to ensure that Plaintiff Marta Valentina Rivera Madera and thousands of similarly-situated American citizens educated in Puerto Rico can exercise their fundamental right to vote in Florida's upcoming elections while this case is litigated.  This Court has already held that Plaintiffs meet all the criteria for a preliminary injunction requiring the provision of Spanish-language election materials pursuant to Section 4(e) of the Voting Rights Act ("VRA"), 52 U.S.C. §10303(e).  ECF No. 57 at 13-25.  The Court accordingly granted Plaintiffs partial preliminary injunctive relief on September 7, 2018, ordering Florida's then-Secretary of State Ken Detzner to instruct the Supervisors of Elections of the 32 Counties at issue in this litigation to make available Spanish-language facsimile ballots for the November 2018 and future elections.  *Id.* at 25-26.  The Court stopped short of ordering the full relief Plaintiffs requested due to the imminence of the November 6, 2018 election.  *Id.* at 25.

For the upcoming elections in August 2019 and thereafter, there is no such barrier to providing the full relief required by federal law.  There is now ample time to prepare the Spanish-language official ballots and written election materials and provide the bilingual pollworkers and other oral election assistance required by Section 4(e).

1

Plaintiffs are entitled to a preliminary injunction granting the full relief required under Section 4(e) for the same reasons the Court relied on in issuing the September 2018 preliminary injunction, as well the new evidence submitted in support of this Motion and the time now available for Defendant Secretary of State Laurel M. Lee ("Secretary") and the Counties' Supervisors of Elections to implement an order granting that full relief.

Accordingly, the Court should issue additional preliminary injunctive relief requiring Defendant Secretary Lee to order and ensure that the Supervisors of Elections of the 32 Counties provide Spanish-language official ballots and all other written election materials, and bilingual pollworkers and other bilingual oral voting assistance, for all elections beginning in August 2019 through the resolution of this litigation.

## II.  BACKGROUND

### A. The Court's Prior Rulings on Preliminary Injunctive Relief

The Court's September 7, 2018 order held that Plaintiffs' evidence satisfied all four prongs of the standard for preliminary injunctive relief, establishing a likelihood of success on the merits of their VRA Section 4(e) claim; irreparable harm due to loss of the right to vote; public interest in injunctive relief; and a balance of the equities that favored Plaintiffs.  ECF No. 57 at 13-25 (reissued at ECF No. 59 to correct a scrivener's error).  But "[d]ue to the timeline of this

2

lawsuit and the looming deadlines Florida election officials face[d]" on the eve of the November 6, 2018 election, the Court ordered only the relief it considered "attainable" before the November election.  ECF No. 59 at 25.  Instead of requiring official Spanish-language ballots and voting materials and bilingual pollworkers and other oral voting assistance, the Court required the Defendant Secretary to "provide written direction" to the Counties' Supervisors of Elections to "make available a facsimile sample ballot in Spanish to voters who fall within the ambit of Section 4(e) of the Voting Rights Act," to "publish the same facsimile ballot on their website with Spanish-language directions," and to "provide signage in Spanish at polling places making voters aware of such sample ballots."  *Id.* at 26.  The Court's Order was not limited to the November 6, 2018 election, but rather applies to all elections that take place during the pendency of this litigation.  *Id.*

On November 4, 2018, Plaintiffs filed a motion for emergency relief to enforce the preliminary injunction after learning that Duval County was not providing Spanish-language facsimile ballots at its early voting sites.  ECF No. 77.  In ruling on that motion, the Court reiterated that it had ordered only the "minimum relief" of facsimile ballots due solely to the time constraints of the election cycle, and stated that the Court "could be fairly criticized in not going far enough in granting Plaintiffs' requested relief."  ECF No. 79 at 2-3.  The Court noted "Duval County Supervisor of Elections Mike Hogan's strained and selective

reading of this Court's preliminary injunction order," and ordered the Secretary to "ensure compliance" with that order.  *Id.* at 3, 5.

On November 16, 2018, along with their reply in support of the then-pending motion for certification of a defendant class, Plaintiffs filed additional evidence establishing that Duval County had not complied with the Court's preliminary injunction order on Election Day, despite the Court's order granting Plaintiffs' request for emergency relief.  ECF Nos. 83, 83-1.  Not only did Duval County fail to make Spanish-language facsimile ballots available to voters at early voting sites, but on Election Day, Duval County only "posted" facsimile ballots at each precinct but did not provide them to individual voters for use in marking their ballots, violating this Court's order that "facsimile sample ballots in Spanish *shall be available to all voters* who fall within the ambit of Section 4(e) of the Voting Rights Act" at the polls.  ECF No. 79 at 5 (emphasis added); *see* ECF Nos. 83, 83-1.

On February 28, 2019, the Secretary filed declarations from the Counties' Supervisors of Elections responding to the Court's January 22, 2019 order directing the Secretary to collect and file information regarding the Counties' compliance with the preliminary injunction.  ECF Nos. 95, 105.  In response to Plaintiff's discovery requests, the Secretary has also provided copies of official

ballots used in the November 6, 2018 election in the Counties.  2nd Declaration of

Corinne Johnson ("2nd Johnson Decl.") ¶¶2-6.

The Counties' declarations and Secretary's discovery responses make clear

that none of the Counties provided Spanish-language official ballots, either before

this Court's injunction or for the November 2018 election.  *See* ECF No. 105-2

(responses to Questions 2(f), 2(g), and 3); 2nd Johnson Decl. ¶¶7-8, Ex. 2 at 3

(Secretary's interrogatory response:  "[T]he Secretary is unaware of any official

Spanish-language ballots being used in the Counties during the Time Period" from

January 2016 to the present).  The Counties' declarations also make clear that

during the November 2018 election, none of the Counties provided the full

Spanish-language election materials or assistance required by Section 4(e) of the

VRA.  *See* ECF No. 105-2 (responses to Questions 2(f) and 2(g) regarding

additional election assistance).

Moreover, the Counties' declarations show that, prior to the Court's

September 7, 2018 injunction, none of the Counties had provided the Spanish-

language facsimile ballots and signs required by that injunction.  *See id.* (responses

to Question 3 regarding prior Spanish-language election assistance).  And none of

the Counties had provided the Spanish-language assistance required by Section

4(e) to voters prior to the Court's injunction.  *See id.* (responses to Question 3); *see

also* ECF Nos. 2-3, 2-4 (Declaration of Ahren Lahvis, 1st Declaration of Peter

Mason) (summarizing Counties' lack of Spanish-language election materials and assistance before Court's injunction).

**B. The Counties' 2019 and 2020 Elections**

The Court's preliminary injunction order was not limited to the November 6, 2018 election. *See* ECF No. 59, 79. Since that election and through the end of March 2019, the Counties have held 25 additional municipal or county elections across 12 Counties. 2nd Declaration of Peter Mason ("2nd Mason Decl.") ¶4. Yet for 16 of those elections (64% of the elections, across nine Counties), Spanish-language facsimile ballots were not made available on the Counties' websites, in violation of the Court's preliminary injunction order. *Id*.

From August 1, 2019 through the presidential election on November 3, 2020, the Counties will collectively hold at least 48 municipal, county, state, and/or national elections, including the presidential primaries on March 17, 2020. 2nd Mason Decl. ¶6.[1] In 2019, six of those elections will occur in August; three in September; none in October; and 28 in November. *Id.*

---

[1] Although some additional County elections will take place between April and July of this year, Plaintiffs do not include those elections in the scope of this motion due to the Court's expressed concern about the feasibility of implementing changes to the Counties' election preparations in a short time period just before an election. As noted above, the Court's September 7, 2018 preliminary injunction is still in effect and requires the provision of Spanish-language facsimile ballots for these upcoming elections.

# III.  ARGUMENT

## A. Plaintiffs Are Entitled to Further Preliminary Injunctive Relief for Upcoming Elections.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  This Court has already held that Plaintiffs satisfy each of these requirements.

### 1.  Plaintiffs are likely to succeed on the merits.

Plaintiffs have a substantial likelihood of success on the merits of their Section 4(e) claim for the same reasons as the Court previously held.  ECF No. 59 at 13.  "The Voting Rights Act is clear. ...  No person 'shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language' if educated in a school 'in which the predominant classroom language was other than English.'"  ECF No. 59 at 13 (quoting 52 U.S.C. §10303(e)(2)).  "The right to vote ...'encompasses the right to an *effective* vote.'"  *Id.* at 14 (quoting *Puerto Rican Org. for Political Action v. Kusper*, 490 F.2d 575, 580 (7th Cir. 1973) (emphasis added)).  Accordingly, "[c]ourts have long held that the right to vote includes not only the

right to physically enter a polling place and fill out a ballot but also the right to comprehend and understand what is on that ballot." *Id.* at 14 (collecting cases).

The Court previously found that Plaintiffs' census data and voter registration evidence establishes that all of the Counties are residence to limited-English proficiency, Puerto Rico-educated voters to which Section 4(e) applies. ECF No. 59 at 16-19.[2] Consistent with Plaintiffs' prior evidence regarding the Counties' primarily English-only elections, ECF Nos. 2-3, 2-4, the Counties have now confirmed that they did not provide Spanish-language official ballots prior to the Court's injunction, they did not provide official Spanish-language ballots for the November 2018 election, and many do not provide any meaningful other Spanish-language voting materials beyond the minimal materials required by the Court's preliminary injunction. *See supra* §II.B. Moreover, some of the Counties continue to fail to comply with the Court's injunction to provide Spanish-language fascmile ballots. ECF No. 83, 83-1 (discussing Duval County's violation of the Court's preliminary injunction order); 2nd Mason Decl. ¶5, Tbl. 2 (listing Counties that failed to provide Spanish facsimile ballots on their websites for elections after November 2018). As before, the Counties' lack of Spanish-language official

---

[2] Specifically, Plaintiffs' evidence shows that more than 30,000 adult citizens of Puerto Rican heritage residing in the Counties are limited-English proficient, and that more than 36,000 registered voters residing in the Counties were born in Puerto Rico. ECF No. 2-2 ¶¶13, 19 (1st Declaration of Dr. Daniel A. Smith).

ballots and voting materials continues to deny Spanish-speaking, Puerto Rico-educated citizens the right to an effective vote, in violation of Section 4(e).  ECF No. 59 at 13-20.

The Court's September 7, 2018 preliminary injunction order makes clear that compliance with that limited injunction requiring Spanish-language facsimile ballots does not bring the Secretary into compliance with Section 4(e).  *See* ECF No. 57 at 13-20, 25.  It is well-established that the right to an *effective* vote requires Spanish-language official ballots and voting instructions; all written materials related to the election process in Spanish; the provision of oral registration and voting assistance in Spanish, including by a sufficient number of bilingual pollworkers during elections; and Spanish polling place signage.  *See, e.g.*, *Torres v. Sachs*, 381 F.Supp. 309, 312 (S.D.N.Y. 1974) ("It is simply fundamental that *voting instructions and ballots*, in addition to any other material which forms part of the official communication to registered voters …, must be in Spanish as well as English, if the vote of Spanish-speaking citizens is not to be seriously impaired."); *United States v. Berks Cty. ("Berks II")*, 277 F.Supp.2d 570, 583 (E.D. Pa. 2003) (requiring "in English and Spanish *all written election-related materials*, *including the official ballot,* sample ballots, absentee and alternative ballots"); *Arroyo v. Tucker*, 372 F.Supp. 764, 768 (E.D. Pa. 1974) (requiring official ballots and "*all written materials which are directly connected with the registration of and election*

9

*by voters in both Spanish and English*, including, but not limited to, sample ballots,

voter's certificates, registration certificate and all instructions to voters"); *Torres*,

381 F.Supp. at 312 ("Simple logic … requires that the *assistance given to … voters*

*at the polls on election day* … be in a language they understand.") (collectively,

emphases added).

  As this Court has recognized, Section 4(e)'s requirement for "Spanish-

language voting materials for Spanish-speaking American citizens educated in

Puerto Rico means Spanish-language voting materials for Spanish-speaking

American citizens educated in Puerto Rico."  ECF No. 59 at 20.  "Section 4(e)

thereby enables the Puerto Rican minority better to obtain perfect equality of civil

rights and the equal protection of the laws."  *Id.* (quotation omitted).  Accordingly,

providing official Spanish-language ballots "are precisely those arrangements that

Congress mandated election officials take by passing Section 4(e)."  ECF 79 at 4;[3]

*see also id.* at 2-3 (explaining that the only reason the Court did not require

"printing official Spanish-language ballots" for the November election was due to

---

[3] Contrary to the Court's understanding in its November 5, 2018 order, ECF No.
79, Duval County did not provide official Spanish-language ballots during the
November 2018 election.  *See* ECF Nos. 83, 83-1 (correspondence with counsel for
Duval County Supervisor of Elections documenting that Duval County did not
provide Spanish-language official ballots); ECF No. 105-2 at 37-43 (Declaration
from Duval County Supervisor of Elections confirming that additional Spanish-
langauge assistance provided for the November 2018 election did not include
official ballots).

the "time constraints of the election cycle," and noting that the Court "could be fairly criticized for not going far enough in granting … relief").

Therefore, since the Counties continue to fail to provide the full relief required by Section 4(e)—including Spanish-language official ballots, other election materials, and sufficient bilingual oral assistance before elections and at the polls—Plaintiffs' strong likelihood of success on the merits of their Section 4(e) claim continues unabated.

Finally, as this Court's prior rulings establish, it is beyond dispute that the Secretary is the election official with the power and responsibility to ensure the Counties' compliance with the VRA, and therefore the proper defendant to Plaintiffs' requested preliminary injunction.  *See* ECF No. 59 at 6-11; ECF No. 107 at 2-3 (March 5, 2019 order finding plaintiff and defendant class certification unnecessary because "the Secretary has abundant power and responsibility to order the states' supervisors of elections to comply with the relief this Court might fashion in this dispute"); *id.* at 2 ("'Because the Secretary is the state's chief election officer with the authority to relieve the burden on Plaintiffs' right to vote, she was appropriately sued for prospective injunctive relief.'") (quoting *Democratic Exec. Comm. of Fla. v. Lee*, 2019 WL 638722, at *3 (11th Cir. Feb. 15, 2019)).

**2. Plaintiffs will suffer irreparable harm without injunctive relief.**

Plaintiffs and Puerto Rico-schooled citizens in the Counties continue to face irreparable harm without injunctive relief for the upcoming elections. *See, e.g.*, ECF No. 25 (1st Rivera Decl.); ECF No. 45-1 (2nd Rivera Decl.). "[I]rreparable injury is presumed when 'a restriction on the fundamental right to vote' is at issue." ECF No. 59 at 21 (internal brackets omitted) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). This is because, "[o]nce the election comes and goes, 'there can be no do-over and no redress.'" *Id.* (quoting *League of Women Voters of N. Carolina. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014)). Without access to Spanish-language official ballots, voting materials, and bilingual oral assistance at the polls, thousands of Puerto Rico-educated, limited-English proficient citizens like Plaintiff Ms. Rivera "would face the false decision to vote in a manner they do not meaningfully comprehend or not vote at all." ECF No. 59 at 21-22. That is the very definition of irreparable harm. *Id.* at 22.[4]

---

[4] Likewise, the diversion of resources by the Plaintiff voting rights organizations, ECF No. 59 at 5, prior to the elections to support Puerto Rico-schooled citizens in voting also results in irreparable harm, because that diversion prevents them from engaging in other activities in connection with upcoming elections. *See League of Women Voters of Fla., v. Detzner*, 314 F.Supp.3d 1205, 1224 (N.D. Fla. 2018); *Action NC v. Strach*, 216 F.Supp.3d 597, 642-43 (M.D.N.C. 2016).

### 3. Preliminary injunctive relief is in the public interest.

As this Court previously held, the "public interest is always served by more equitable, easier access to the ballot," including "access to the ballot in a language the voter can comprehend." ECF No. 59 at 25; *see also League of Women Voters of N. Carolina*, 769 F.3d at 247 ("By definition, the public interest favors permitting as many qualified voters to vote as possible.") (quotation, brackets, ellipsis omitted); *United States v. Berks Cty. ("Berks I")*, 250 F.Supp.2d 525, 541 (E.D. Pa. 2003) ("Ordering Defendants to conduct elections in compliance with the Voting Rights Act so that all citizens may participate equally in the electoral process serves the public interest by reinforcing the core principles of our democracy."). Preliminary injunctive relief is therefore plainly in the public interest.

### 4. The balance of equities favors Plaintiffs.

The only reason the Court previously found that the balance of the equities did not favor granting Plaintiffs the full scope of preliminary relief under the VRA—namely, the logistical problems due to an impending general election—is no longer applicable. *See* ECF No. 59 at 22-25. Plaintiffs now seek relief only for elections that are approximately four months or more in the future (August 1, 2019

through the resolution of this litigation ).[5]  That extended timeframe will provide the County Supervisors of Elections sufficient lead time to prepare and provide Spanish-language ballots, voting materials, and pollworker assistance.  The equities of providing the fundamental right to an effective vote to Puerto Rican Florida citizens far outweigh any remaining inconveniences or expenses to the Supervisors of Elections.

Moreover, given the Counties' representations about how long it takes to implement changes to their election preparations, it is imperative that the Court issue preliminary injunctive relief now, so that the Counties can begin preparations to provide that relief for future elections while the parties continue to litigate the merits of this case.  The Court should therefore order the Secretary to direct and ensure that the Counties provide the full relief required under Section 4(e) (not just facsimile ballots) for the upcoming elections from August 1, 2019 through the resolution of this litigation.

## B. Injunctive Relief Should Ensure That Puerto Rico-Educated Voters Can Exercise Their Right to Vote Effectively in Upcoming Elections.

Plaintiffs' Proposed Order sets forth clearly and in appropriate detail the relief necessary to enable limited-English proficient, Puerto Rico-educated

---

[5] During that time period, most of the Counties will not hold an election until November 5, 2019, which gives them even more time to comply with an order granting additional preliminary injunctive relief.  *See* 2nd Mason Decl. ¶6.

American citizens to register and vote effectively during the pendency of this case. This relief is the full remedy required by the VRA.  *See supra* §III.A.1.  Courts have accordingly ordered similar relief in consent decrees under Section 4(e).  *See* ECF Nos. 3, 3-43, 3-44 (1st Declaration of Stuart Naifeh) ¶11 and Ex. QQ (April 2010 consent decree in *United States v. Orange County Board of Elections* (S.D.N.Y.)), Ex. RR (September 2010 consent decree in *United States v. Cuyohoga County Board of Elections* (N.D. Ohio)).

Plaintiffs request relief that is detailed and specific, to ensure complete compliance.  Experience has shown that at least some Counties are willing to violate this Court's orders through a "strained and selective reading" of those orders.  ECF No. 79 at 3; *supra* §II.A.

Specifically, the Court should require the Secretary to direct and instruct, and take all necessary measures to ensure that, the Supervisors of Elections of the Counties take the following measures for all elections from August 1, 2019 through the resolution of this action:

### 1.  Written election materials

The Counties should provide in Spanish all official paper and electronic ballots.  Proposed Order §IV.A.1.  The caselaw is plain that Section 4(e) of the VRA requires Spanish-language official ballots. *See Berks II*, 277 F.Supp.2d at

583; *Arroyo*, 372 F.Supp. at 768; *Torres*, 381 F.Supp. at 312 (all issuing injunctions requiring Spanish-language official ballots).

The Counties should also provide in Spanish all other official election-related written and electronic materials—including but not limited to voting instructions, registration materials, polling place signs, election day information, and websites. Proposed Order §IV.A.2-8. Courts have made clear that these written election materials must be provided in Spanish in order to ensure that limited-English proficient Puerto Rico-educated citizens can vote effectively. *See Berks II*, 277 F.Supp.2d at 583-84; *Arroyo*, 372 F.Supp. at 768; *Torres*, 381 F.Supp. at 312 (all issuing injunctions requiring written election materials to be provided in Spanish). Previous consent decrees in Section 4(e) cases have accordingly required that both official ballots as well as other written election materials be provided in Spanish. *See* ECF No. 3-43 at 4, 7; ECF No. 3-44 at 5-6.

Plaintiffs' Proposed Order lists the specific written election materials to be provided in Spanish in significant detail, *see* Proposed Order §IV.A.2-8, in order to facilitate the Counties' compliance with the order and to ensure that there can be no dispute over exactly what materials are required. *See* ECF No. 79 at 3 (issuing emergency injunctive relief to remedy "Duval County Supervisor of Elections Mike Hogan's strained and selective reading of this Court's preliminary injunction order").

16

### 2. Bilingual assistance

The Counties should also provide in-person and other oral Spanish-language voting and registration assistance.  Proposed Order §IV.B.  In particular, the Counties should provide registration, voting, and other election assistance through bilingual advisers available by toll-free telephone hotline at all times when polls are open during early voting and on election day, and during all business hours on all other working days.  Proposed Order §IV.B.2.  The Counties should also provide bilingual pollworkers at the polls during early voting and on election day as follows:

    a.  Precincts with 250 to 500 Hispanic registered voters: at least one bilingual pollworker;

    b.  Precincts with more than 500 Hispanic registered voters: at least two bilingual pollworkers;

    c.  Early voting locations: at least two bilingual pollworkers.

Proposed Order §IV.B.2.

It is well-established that to comply with Section 4(e), in-person or other verbal voting assistance must be given in the language a voter can understand. *Torres*, 381 F.Supp. at 312; *Berks II*, 277 F.Supp.2d at 584; *Arroyo*, 372 F.Supp. at 768 (all issuing injunctions requiring Spanish-language pollworker assistance). Previous consent decrees in Section 4(e) cases have accordingly required bilingual

voting assistance using a formula similar to the one Plaintiffs propose here.  *See* ECF No. 3-34 at 6; ECF No. 3-44 at 7.

Plaintiffs' proposed formula for the required number of bilingual pollworkers at each precinct is modified slightly from the formula Plaintiffs previously proposed when moving for a preliminary injunction before the November 2018 election.  Plaintiffs now propose that the required number of bilingual pollworkers should be determined based on the number of voters in a precinct who self-identified on their voter registration form as being of Hispanic ethnicity (rather than based on the number of voters with Spanish surnames or the number of voters born in Puerto Rico, as previously proposed).  This modification of the requested relief is intended to lessen the Counties' burden in determining the number of bilingual pollworkes necessary at each precinct by referencing voter information that the Secretary and the Counties already have in their possession, while continuing to provide targeted relief.  *See* 3rd Declaration of Dr. Daniel A. Smith ¶¶3-4 (explaining that the Secretary and the Counties have ready access to data showing the number of registered voters in each precinct who self-identified on voter registration forms as being of Hispanic ethnicity).  Under this approach, the Counties would each only need to provide between approximately 0 and 77 bilingual pollworkers for county-wide elections, with most Counties required to provide 10 or fewer.  *See id.* ¶7, Tbl. 1.

18

The Counties should also publicize election information to County residents through local Spanish-language media, including publicizing the availability of Spanish-language ballots and other election-related materials. Proposed Order §IV.B.5. This publicity is necessary to ensure that limited-English proficient County residents educated in Puerto Rico are made aware of the resources available to enable them to vote effectively in County elections. *See Arroyo*, 372 F.Supp. at 768; *Berks II*, 277 F.Supp.2d at 583-84; *Torres*, 381 F.Supp. at 312 (all issuing injunction requiring publication of information in Spanish); ECF Nos. 3-43 at 5, 3-44 at 6 (consent decrees requiring publication of voting information in local Spanish newspapers and on the radio and internet).

### 3. Election official training

The Counties should train all election personnel regarding the requirements of Section 4(e) and should train all bilingual poll officials on the Spanish versions of all election materials. Proposed Order §IV.C. This training is necessary to enable the Counties' staff to properly implement the Court's order and to aid limited-English proficient County residents from Puerto Rico in exercising their right to vote. *See Berks II*, 277 F.Supp.2d at 584 (issuing injunction requiring training of bilingual pollworkers); ECF Nos. 3-43 at 7, 3-44 at 8 (consent decrees requiring and specifying the training of bilingual pollworkers). In light of the Counties' implementation problems following the Court's September 7, 2018

injunction, *see* ECF No. 79; 2nd Mason Decl. ¶4, and to allow for timely

identification and resolution of any disputes over the scope of the injunction,

Plaintiffs also request that the Counties be required to invite a representative from

Plaintiffs' organizations to attend the trainings and provide feedback, in order to

assist the Counties in helping Puerto Rico-educated residents to vote.  *See* ECF

Nos. 3-43 at 9, 3-44 at 10 (consent decrees requiring opportunities for community

involvement).

### 4.  Reporting and other requirements

In addition to requiring the Secretary to direct and ensure that the Counties

take the measures described above, *see* Proposed Order §§III, IV, the Court should

require the Secretary to provide reports and information on the status of the

Secretary's and Counties' compliance with the Court's order and Section 4(e) of

the VRA.  Proposed Order §V.  Among other things, the Secretary should file a

report with the Court demonstrating compliance with the Court's order after each

November and March election, Proposed Order §V.A.2, and should provide

information to Plaintiffs before each November and March election about the

Spanish-language materials and assistance to be provided at those elections,

Proposed Order §V.A.3.  Such reporting requirements are necessary to make

certain that the Secretary and Counties are adhering to the Court's injunctive relief

orders and to allow Plaintiffs to work with the Secretary to identify and resolve any

potential problems ahead of elections.  *See* ECF Nos. 59 at 26, 79 at 5-6, 95

(Court's prior orders requiring the Secretary to provide reports and information

regarding compliance with the Court's preliminary injunction); *Berks II*, 277

F.Supp.2d at 584 (issuing injunction with reporting requirements for election

officials); ECF Nos. 3-43 at 11-13, 3-44 at 14 (consent decrees imposing reporting

requirements on election officials).  Finally, to the extent the Secretary herself

makes any election-related materials or assistance available in English, the

Secretary should make the same materials and assistance available in Spanish.

Proposed Order §§I, II.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant the requested preliminary

injunction set forth in the accompanying Proposed Order.

Dated: April 5, 2019                    Respectfully submitted,

                                        By: */s/ Matthew J. Murray*
                                              Matthew J. Murray

KIRA ROMERO-CRAFT            STEPHEN P. BERZON (*pro hac vice*)
(FL SBN 49927)               STACEY M. LEYTON (*pro hac vice*)
LatinoJustice PRLDEF         MATTHEW J. MURRAY (*pro hac vice*)
523 West Colonial Drive      CORINNE F. JOHNSON (*pro hac vice*)
Orlando, FL 32804            MEGAN C. WACHSPRESS (*pro hac vice*)
(321) 418-6354               Altshuler Berzon LLP
kromero@latinojustice.org    177 Post Street, Suite 300
                             San Francisco, CA 94108
ESPERANZA SEGARRA            (415) 421-7151
(FL SBN 527211)              sberzon@altber.com
LatinoJustice PRLDEF         sleyton@altber.com

99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
esegarra@latinojustice.org

*Attorneys for Plaintiffs*

CHIRAAG BAINS* (*pro hac vice*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District
of Columbia; practice limited pursuant
to D.C. App. R. 49(c)(3).

STUART NAIFEH (*pro hac vice*)
MIRANDO GALINDO (*pro hac vice*)
Demos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
mgalindo@demos.org

*Attorneys for Plaintiffs*

mmurray@altber.com
cjohnson@altber.com
mwachspress@altber.com

*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org

*Attorneys for Plaintiffs Mi Familia Vota
Education Fund and Vamos4PR*

## CERTIFICATE OF WORD COUNT

Pursuant to Northern District of Florida Local Rule 7.1(F), I certify that, according to the word count of the word processing system used to prepare this document, the foregoing memorandum contains 4,641 words.

*/s/ Matthew J. Murray*
Matthew J. Murray

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Northern District of Florida Local Rule 7.1(C), I certify that, prior to filing this motion, counsel for Plaintiffs conferred with counsel for Defendants by telephone in a good faith attempt to resolve the matters raised herein. Plaintiffs' counsel explained that Plaintiffs intended to file a motion for a preliminary injunction against Defendant Secretary of State of Florida Laurel M. Lee seeking relief similar to the relief Plaintiffs sought in their first motion for a preliminary injunction, for upcoming elections from August 1, 2019 through the resolution of this litigation. Counsel for Defendant Secretary of State Lee indicated that Defendant Lee would not take a position on this motion without seeing a copy of the motion. Counsel for Defendant Supervisor Barton indicated that Defendant Barton would not take a position on this motion without seeing a copy of the motion.

*/s/ Matthew J. Murray*
Matthew J. Murray

23

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local Rule 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 5th day of April, 2019.

*/s/ Matthew J. Murray*
Matthew J. Murray
