UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARTA VALENTIA RIVERA
MADERA, *et al.*,

      Plaintiffs,                    Case No. 1:18-cv-00152-MW-GRJ

v.

LAUREL M. LEE, *et al.*,

      Defendants.

_____/

**NOTICE OF RULEMAKING AND
TIME SENSITIVE MOTION TO HOLD CASE IN ABEYANCE**

**I.      Notice of Rulemaking**

Governor DeSantis's administration generally and the Secretary specifically have given great thought and consideration to the issues presented in this case. They unequivocally support and are committed to expanding access to election-related materials for *all* Floridians, including those of Puerto Rican descent educated in Puerto Rican schools where the primary language of instruction is Spanish.[1]   The Secretary will thus initiate rulemaking under the Florida APA consistent with her power to "adopt by rule uniform standards for the proper and

_____

[1] This combined Motion and Response refers to the Florida Secretary of State, Laurel M. Lee, as "Secretary," the Florida Administrative Procedure Act as "Florida APA," the Plaintiffs collectively as "the Plaintiffs," and the filings before this Court as "ECF" followed by the appropriate pin-citation.

equitable interpretation and implementation of chapters 97 through 102 and 105 of the Election Code," § 97.012(1), Fla. Stat.; "adopt rules prescribing a uniform primary and general election ballot for each certified voting system" that shall include "without limitation," "clear and unambiguous ballot instructions and directions," *id.* § 101.151(9)(a); and "create a uniform polling place procedures manual and adopt the manual by rule" to "guide inspectors, clerks, and deputy sheriffs in the proper implementation of election procedures and laws." *Id.* § 102.014(5).

The Secretary will notice rule development for two separate administrative rules within 14 days of this filing. The first of these two rules will require Florida's supervisors of elections to provide official Spanish language ballots by the 2020 General Election. The second rule will update the State's official polling place procedures manual. Among other things, updates to the manual will address accessibility issues for Spanish-speaking voters. Immediately after the finalization of this new manual, in anticipation of the 2020 General Election, the Secretary proposes to have local supervisors of elections hire and assign poll workers, clerks, assistant clerks, and other election workers who are able to understand, speak, write, and read Spanish fluently. The Secretary intends to solicit input from all stakeholders regarding the appropriate number of election workers for each county or each precinct within the county but, at a minimum, foresees the availability of a

county-specific hotline available to answer county-specific questions for Spanish-language voters.

Such Florida APA rulemaking is appropriate under the circumstances.  The State has changed much since the devastation of Hurricane Maria in September 2017.  Many more Puerto Ricans now call Florida home.  As this Court has already recognized, Puerto Ricans are unique among American citizens.  ECF 57 at 2-3. While Puerto Ricans have been American citizens since 1917, the primary language of instruction in Puerto Rican schools is Spanish.  *Id.*  Making available additional Spanish-language materials for these American citizens educated in Spanish is simply the right thing to do.  *Cf.* § 97.012(1), Fla. Stat. (providing authority for rulemaking that furthers an "equitable interpretation and implementation" of Florida's election laws); ECF 57 at 26 ("This Order does not preclude additional measures to provide assistance.").

In addition, as the map below makes clear, 46 counties in Florida are subject to varying requirements to accommodate voters who speak other languages.  This rulemaking, especially as it relates to the manual, is intended to provide language assistance throughout the State, and establish best management practices for Florida's supervisors of elections to use when conducting elections in a language other than English.



## II.   Request for Abeyance

On a related note, the Secretary asks this Court to hold the case in abeyance to allow the Florida APA process to run its course.  The rulemaking would engage all of the State's supervisors of elections, rather than just Supervisor Barton of Alachua County.  This is significant because this Court's actions will affect at least 32 of the supervisors from throughout the State.  It makes sense to have all 32 of these supervisors, experts in their field and their local constraints, together with all

of the State's remaining supervisors, engaged in the process through the Florida APA. *Cf. United States v. S. Fla. Water Mgmt. Dist.,* 922 F.2d 704, 708-09 (11th Cir. 1991) (reversing district court order denying intervention to farmers in a case between the federal and state governments because the case "could" have affected the farmers "legally protectable right to participate in the administrative [process] under state law").

The Secretary also intends to proceed with the rulemaking with all deliberate speed under the Florida APA. *See generally* §§ 120.545(1), 120.54(3)(e)(2) and (3)(e)(6). Rule development workshops intended to solicit input from stakeholders can cause some delay but also provide helpful comments and ideas for consideration. The Secretary intends to hold at least one rule development workshop where the Plaintiffs, the supervisors of elections, and other affected parties are free to participate and contribute ideas. But the Secretary remains committed to having in place a comprehensive plan for Spanish-language voter assistance in time for the 2020 General Election. Put another way, the Secretary intends to conduct the rulemaking in a manner that balances the need for meaningful input from all stakeholders with the need for timely action. Periodic status reports can keep this Court apprised of the Secretary's progress. *See, e.g., United States v. State of Florida, et al.,* Case No. 4:12-cv-285-RH at ECF 48 (Oct. 10, 2012) (issuing order to stay proceedings in a case brought by the United States

against the State of Florida to ensure compliance with the National Voter Registration Act *but* also requiring joint status report from the parties).

Accordingly, the Secretary asks for this Court to hold the case in abeyance. *See W. Ala. Women's Ctr. v. Williamson,* 2015 U.S. Dist. LEXIS 115052 at *5-*6 (M.D. Ala. Aug. 31, 2015) (staying as-applied constitutional challenge to allow for rulemaking under the Alabama Administrative Procedure Act and, among other things, giving the plaintiffs up to 30 days from the effective date of the final rule in which to review the rule and move for dismissal of action, lifting of stay, amendment of complaint, or request other appropriate relief).

WHEREFORE the Secretary asks this Court to hold this case in abeyance.

\*\*\*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that because of the time-sensitive nature of this filing, and the Secretary's desire to give this Court and the Parties an opportunity to consider the filing before the case management conference scheduled for later today, the Secretary sought the Parties' consent on the morning of April 11, 2019 at 9:00am.  The Secretary recognizes that this may not have provided the Parties ample opportunity to state a position; however, in her assessment, the need to provide this information, in as timely a manner as possible, trumped other considerations.

The undersigned further certifies that this filing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that this filing complies with the word limit in Local Rule 7.1(F); this filing contains 1011 words, excluding the case style, signature block, and certificates.

***

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
*General Counsel*
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 114593)
*Deputy General Counsel*
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
 mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
 gperko@hgslaw.com
JOSEPH A. BROWN (FBN 25765)
 josephb@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax: (850) 224-8551

Dated:  April 11, 2019                *Counsel for the Secretary of State*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system to the following on this 11th day of April, 2018:

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org
ESPERANZA SEGARRA
(FL SBN 527211)
JACKSON CHIN
(*pro hac vice forthcoming*)
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
esegarra@latinojustice.org
jchin@latinojustice.org

*Attorneys for Plaintiffs*

STEPHEN P. BERZON
(*pro hac vice forthcoming*)
STACEY M. LEYTON
(*pro hac vice forthcoming*)
MATTHEW J. MURRAY
(*pro hac vice forthcoming*)
CORINNE F. JOHNSON
(*pro hac vice forthcoming*)
MEGAN C. WACHSPRESS
(*pro hac vice forthcoming*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com
mwachspress@altber.com

*Attorneys for Plaintiffs*

CHIRAAG BAINS*
(*pro hac vice forthcoming*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org
* Not admitted in the District
of Columbia; practice limited
pursuant to D.C. App. R. 49(c)(3).

STUART NAIFEH
(*pro hac vice forthcoming*)
Demos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org

*Attorneys for Plaintiffs*
RONALD A. LABASKY
Brewton Plante, P.A.
215 S. Monroe St., STE 825
Tallahassee, FL 32301
(850) 222-7718
rlabasky@blawfirm.net
fsase@bplawfirm.net

JOHN T. LAVIA, III
Gardner, Bist, Bowden, Bust, Dee,
Lavia & Wright, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
jlavia@gbwlegal.com
rhonda@gbwlegal.com

*Attorneys for the FSASE*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER
(*pro hac vice forthcoming*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org

*Attorneys for Plaintiffs Mi Familia
Vota Education Fund and Vamos4PR*

CORBIN FREDERICK HANSON
Alachua County Attorneys Office
12 SE 1ST STREET 2nd Floor
GAINESVILLE, FL 32601
(352) 374-5218
corbin.hanson@fldoe.org

ROBERT CHARLES SWAIN
Alachua County Attorney's Office
12 SE First St.
PO Box 2877
Gainesville, Fl 32602
(352) 374-5218
bswain@alachuacounty.us

*Attorney for Defendant Barton*

/s/ Mohammad O. Jazil
Attorney