**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR,<br><br>PLAINTIFFS,<br><br>v.<br><br>KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections,<br><br>DEFENDANTS. | Case No.<br>1:18-cv-152-MW-GRJ |

**JOINT NOTICE REGARDING PROPOSED MODIFIED PRELIMINARY
INJUNCTION ORDER AND RESUBMITTAL OF CLASS
CERTIFICATION MOTIONS**

Pursuant to the Court's August 7, 2020 order, ECF No. 170, the parties

hereby submit their positions regarding a proposed modified preliminary injunction

order.  Plaintiffs' position is that, to maintain the substantive status quo for voters

across the 32 counties at issue in this case with the November election imminently

approaching, the order should apply to the Supervisors of Elections of those 32

counties, through a certified Defendant Class.  Defendant Alachua County

1

Supervisor of Elections Barton's position is that the order should apply only to

Defendant Barton, who is the sole defendant in this case.  Plaintiffs therefore

respectfully request that the Court resolve the class certification issues, as set forth

in the parties' previously submitted class certification briefing.  The parties'

positions are further set forth below.

## I.     PLAINTIFFS' POSITION

Plaintiffs' [Proposed] Modified Preliminary Injunction Order is attached

hereto as Exhibit A.  Plaintiffs' proposed order modifies the Court's May 10, 2019

preliminary injunction, ECF No. 131, so that the substantive provisions of that

order ensuring compliance with Section 4(e) of the Voting Rights Act apply

directly to Defendant Alachua County Supervisor of Elections Barton and to the

Supervisors of Elections of the 31 other Counties at issue in this case, through a

certified Defendant Class.  *See* Ex. A at 10-15.  The modified preliminary

injunction should apply to all 32 Supervisors of Elections for the same reasons that

the Court found the May 10, 2019 and September 7, 2018 injunctions should

require the Secretary of State to direct all 32 Supervisors to provide Spanish

language ballots, voting materials, and assistance.  *See* ECF No. 131; ECF Nos. 57,

59.  The preliminary injunction should continue to protect voters across all 32

counties.  All 32 Supervisors should already be complying with the substantive

terms of the preliminary injunction.  And Plaintiffs' proposed order would maintain the substantive status quo.

The order directing the parties to submit a proposed modified preliminary injunction order states that the "Court will consider any additional motions regarding class certification … if filed or resubmitted by the appropriate party." ECF. No. 170 at 6 n.2.  Pursuant to that order, Plaintiffs hereby resubmit their Motion for Certification of Plaintiff Class and Motion for Certification of Defendant Class, found at ECF Nos. 4, 5, with supporting papers found at ECF Nos. 2.1-2.4, 3, 3.1-3.46, 4.1-4.3, 5.1-5.3, 25, 48.  These motions have been fully briefed and are ripe for resolution.  *See* ECF Nos. 70 (Barton's combined response), 72 (Secretary's combined response), 82, 83, 83.1 (collectively, Plaintiffs' reply).

The Court previously denied Plaintiffs' motions for certification of plaintiff and defendant classes without prejudice for the sole reason that class certification was not necessary, because Plaintiffs could seek complete relief against the Secretary.  ECF No. 107.  The Court's order dismissing the Secretary, ECF No. 170, eliminates that ground for denying class certification.  To ensure that the substantive status quo remains in place for voters across the 32 counties at issue in this litigation following the Secretary's dismissal, Plaintiffs' proposed order thus

also certifies plaintiff and defendant classes pursuant to these resubmitted motions.

*See* Ex. A at 6-9.

Given the imminence of the November 3, 2020 presidential election, and the

Supervisors of Elections' positions regarding the time needed to prepare Spanish-

language election materials, a prompt order modifying the preliminary injunction

so that it applies to the proposed defendant class of Supervisors is critical to

protecting the voting rights of the Plaintiff Class.  Denying certification, requiring

Plaintiffs to amend the complaint to individually add the other 31 Supervisors, and

then to seek the extension of the current preliminary injunction to again cover

those same counties, including relitigating all the substantive issues that the Court

has already resolved – as Defendant Barton proposes – would do nothing more

than add unnecessary time, delay, expense, and uncertainty for the parties, the

Court, and voters across the 32 counties in the immediate run-up to a national

election.

The Court's March 19, 2019 preliminary injunction order has made clear to

the 32 counties at issue here for almost a year and a half what Spanish language

ballots, materials, and assistance they must provide for the upcoming November

election.  Given the Supervisors' statements in the Secretary's notices of

compliance to this Court over the past many months, and the Supervisors' previous

assertions regarding the time required to prepare for each election, the Supervisors

all should already be creating and providing the ballots, materials, and assistance required by the Court's preliminary injunction.  The Court should not make radical changes to the legal regime governing the election so close before the election takes place.  *See Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) ("This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.") (collecting cases).

Defendant Barton's arguments notwithstanding, it is well-established that her asserted compliance with the preliminary injunction does not moot Plaintiffs' claims.  *See Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) ("it would be contrary to Supreme Court precedent to dismiss this case [as moot] merely because [the defendant] complied with an injunction") (collecting cases); *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1209 n.2 (11th Cir. 2003) ("compliance with the terms of an injunction does not moot a case where the action in question could be resumed") (citing *Bakery Sales Drivers Local Union No. 33 v. Wagshal*, 333 U.S. 437, 442 (1948) (court must assume compliance with court order *pendente lite* is "merely obedience" to the court)).

And as Plaintiffs have previously explained, the Secretary's rules do not require either all the relief required by the Court's May 10, 2019 preliminary

injunction order or full compliance with Section 4(e) – in particular, they do not

require that vote-by-mail ballots and materials be provided in Spanish, a critical

requirement of the Court's May 10, 2019 preliminary injunction that must remain

in place for the upcoming November election, given the current public health

crisis.  *See* Joint Report, ECF No. 161 at 2-10.  The parties can fully litigate

whether the Secretary's new rules are sufficient to ensure compliance with Section

4(e) following full discovery after the upcoming election.  In the interim, the

substantive terms of the Court's May 10, 2019 preliminary injunction should

continue to protect voters across the 32 counties.  Plaintiffs thus respectfully

request that the Court modify the current preliminary injunction as soon as possible

so the substance of the preliminary injunction continues to apply to the 32

Supervisors through a defendant class.

## II.   DEFENDANT'S POSITION

   **a.** Preliminary Injunction –

   Supervisor Barton opposes the entry of a preliminary injunction on the

   grounds stated in her and the Secretary of State's responses to Plaintiffs'

   motion for preliminary injunction, ECF Nos. 41, 42, and in the amicus

   curiae brief filed by the Florida State Association of Supervisors of

   Elections, ECF No. 40. Supervisor Barton reaffirms those arguments and

   incorporates them here. Supervisor Barton would show the Court that

based upon the prior representations to the Court and the evidence

submitted by the Secretary of State regarding compliance, that a

preliminary injunction is no longer needed to protect Plaintiff's voting

rights. To the extent the Court rejects them, Supervisor Barton requests

that the Court enter the proposed order attached as Exhibit B, rather than

Plaintiffs' proposed order. Any preliminary injunction should be limited

to Supervisor Barton, as the sole defendant, and to elections under her

control either because they are assigned to her per statute or because she

administers them for the various municipalities within Alachua County.

(It should be noted that the Court made no findings regarding any

individual municipalities and the number of individuals qualifying under

Section 4 (e) of the Voting Rights Act, but only the Counties.) Sec.

100.3605, Florida Statutes, provides for the conduct of municipal

elections and allows the municipalities by ordinance or charter to provide

for elections.

**b.** Defendant Barton intends to file a Suggestion of Mootness as to Alachua

County based upon the fact that she is in full compliance with the

injunction as set forth in the Secretary's Notice of Compliance, ECF 155,

page 12, and most recently in ECF 169, page 4.  Further, Rule 1S-2.032,

regarding Spanish language ballots and 1S-2.034 FAC regarding polling place procedures have become final, ECF 156.

c.  A class action at this point in this litigation with Supervisor Barton as the representative Defendant does not meet the requirements of Federal law. This was previously briefed in ECF 70 on 10/25/18. The Court denied class certification as unnecessary, and therefore did not rule on the arguments made by the Supervisor Barton and the Secretary of State in opposition to class certification, ECF No. 70, 72, including Supervisor Barton's contention that Plaintiffs have not demonstrated the adequacy of representation, ECF No. 70 at 2–5. Supervisor Barton reaffirms all arguments previously made in opposition to class certification and incorporates them here. At the time the complaint was filed and class action was initially sought, there was no discovery or injunction in place. Since that time, there has been a great deal of change in the status of the case, which could not be set forth in the briefings. Plaintiff Rivera has not shown that she has been subjected to any issues voting since the injunction was issued, nor have the plaintiffs in general shown anything that is not set forth in the Secretary's reports of compliances. In addition to the matters set forth in Defendant's initial response to the Motion to Certify Class, the Court itself has noted Alachua County's willingness to

meet the requirements of 4(e) as interpreted by this Court. The fact that

the Secretary's filings show differences between the counties and the fact

that no other county has been heard from does not support a finding that

there are common defenses among the counties including Alachua

County. Additionally, should Supervisor Barton be compelled to become

the class representative, she will be forced to spend assets of the

taxpayers of Alachua County to represent other taxpayers who have not

elected her and do not support her office. Finally, because joinder of the

remaining 31 Supervisors is not so difficult a task, Plaintiffs have not

demonstrated numerosity. See Crawford v. W. Elec. Co., 614 F.2d 1300,

1305 (5th Cir. 1980) ("We certainly cannot say that a class of 34 satisfies

the numerosity requirements as a matter of law."). This is especially true

because the joinder and service of public officials, such as Supervisors of

Elections, is easy and practicable. See Kilgo v. Bowman Transp., Inc.,

789 F.2d 859, 878 (11th Cir. 1986) ("Practicability of joinder depends on

many factors, including, for example, the size of the class, ease of

identifying its numbers and determining their addresses, facility of

making service on them if joined and their geographic dispersion."). Two

recent cases before Judge Hinkle named all 67 Supervisors of Elections

as defendants, as well as all 67 county canvassing boards. One of these

cases dealt with Spanish language issues. Dream Defenders, et al v.

DeSantis, et. al. 1:20-cv-67-RH-GRJ and Nielsen, et. al. v. DeSantis, et.

al., 4:20-cv-00236-RH-MJF.  The Dream Defenders case was

consolidated with Nielsen. Both named all 67 Supervisors of Elections as

defendants. About 75 percent of the named Supervisors in those cases

were represented by a handful of law firms. The case moved very quickly

because it was related to the conduct of the state primary on August 18,

2020, as well as the general election in November 2020. Of note is that

the attorneys of Demos who represent Plaintiff Rivera in this matter

represented Plaintiffs Williams and Dream Defenders. Kira Romero-

Kraft represented another plaintiff in that case. The plaintiffs in that case

engaged in discovery on the use of Spanish Language balloting and

materials for many, if not all, of the 67 counties. These requests included

Alachua County and the material should be available to the Plaintiffs in

this case. As 67 Supervisors have recently been joined in these recent

elections cases, involving some of the same Plaintiffs' counsel present in

this case, there is no reason to believe that 31 Supervisors of Elections

are so numerous as to require a class. With the implantation of the final

rules, Plaintiffs have shown no threat to any individual's voting rights at

this time and the Court's second preliminary injunction of May 10, 2019,

was only to set "achievable compliance" for the elections taking place

prior to the rules becoming final. ECF 131 p 3. Those rules have become

final and have the effect of law. The Court has not ruled as to whether or

not the final rules meet the obligations of the Voting Rights Act.

Regarding the certification of the class, the Counties represent a broad

selection of counties with varying resources and in different situations

than Alachua County. It is a denial of due process to fail to provide them

with notice and the opportunity to be heard as to their individual defenses

based upon their situations. If the Court does not require the individual

joinder of the Supervisors, they should at least be heard on the issue of

class certification.

Therefore, Supervisor Barton believes the class action is inappropriate.

Should the Court be inclined to grant certification, this Defendant would request

that a hearing be set to present argument on the issue with notice to the various

Supervisors of Election and the opportunity to be heard.


Dated: August 21, 2020                Respectfully submitted,

                                      By: */s/ Matthew J. Murray*
                                          Matthew J. Murray

KIRA ROMERO-CRAFT                     STEPHEN P. BERZON (*pro hac vice*)
(FL SBN 49927)                        STACEY M. LEYTON (*pro hac vice*)
LatinoJustice PRLDEF                   MATTHEW J. MURRAY (*pro hac vice*)

11

523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org

CHIRAAG BAINS* (*pro hac vice*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District
of Columbia; practice limited pursuant
to D.C. App. R. 49(c)(3).

STUART NAIFEH (*pro hac vice*)
MIRANDO GALINDO (*pro hac vice*)
Demos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
mgalindo@demos.org

*Attorneys for Plaintiffs*

Dated: August 21, 2020

CORINNE F. JOHNSON (*pro hac vice*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com

*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org

*Attorneys for Plaintiffs Mi Familia Vota
Education Fund and Vamos4PR*

By: */s/ Robert C. Swain*
Robert C. Swain

ROBERT C. SWAIN (FBN 366961)
Deputy County Attorney
bswain@alachuacounty.us
CORBIN F. HANSON (FBN 99435)
Senior Assistant County Attorney
cfhanson@alachuacounty.us
12 Southeast 1st Street

12

Gainesville, Florida 32601
Phone: (352) 374-5218
Fax: 374-5216

*Attorneys for Kim A. Barton, in her official
capacity as Alachua County Supervisor of
Elections*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local

Rule 5.1(F), each party on whom this document is to be served is represented by an

attorney who will be served through this Court's CM/ECF system upon filing on

this 21st day of August, 2020.

*/s/ Matthew J. Murray*
Matthew J. Murray
