IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARTA VALENTINA RIVERA**
**MADERA, on behalf of herself**
**and all others similarly situated,**
**FAITH IN FLORIDA, HISPANIC FEDERATION,**
**MI FAMILIA VOTA EDUCATION FUND,**
**UNIDOSUS, and VAMOS4PR,**

    *Plaintiffs*,

v.                                                            CASE NO.: 1:18cv152-MW/GRJ

**KIM A. BARTON, in her official**
**capacity as Alachua County Supervisor**
**of Elections, on behalf of herself and**
**similarly situated County Supervisors**
**of Elections,**

    *Defendants*.

_____/

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

Pending before this Court is a resubmitted motion to certify plaintiff and defendant classes. Class certification is a fact-intensive, case-specific determination that requires a trial court be satisfied, "after a rigorous analysis, that the prerequisites of Rule 23(a)" have been met. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citations omitted). These issues were briefed at the beginning of this litigation in the latter half of 2018. *See, e.g.*, ECF Nos. 4, 5, 70, 72. However, given the evolution of the facts of this case over the past two years, this Court is ordering additional briefing on the motion to certify plaintiff and defendant classes.

There is nothing unusual about certifying a class of defendants comprising county officials from a state's numerous counties. Given the criteria of Rule 23 requiring numerosity, commonality of questions of law or fact, typicality of the defenses, and a fair and adequate class representative, Fed. R. Civ. Pro. 23, certification of a class of dozens of county officials within the same state serving in identical roles may be appropriate. *See, e.g.*, *CBS Broad., Inc. v. Smith*, 681 F. Supp. 794, 802 (S.D. Fla. 1988) (certifying a defendant class of all of Florida's Supervisors of Elections); *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998) (affirming summary judgment in favor of defendant class of Florida's Supervisors of Elections); *CBS Broad., Inc. v. Cobb*, 470 F. Supp.2d 1365 (S.D. Fla. 2006) (granting permanent injunction against defendant class of Florida's Supervisors of Elections); *Nat'l Broad. Co. v. Cleland*, 697 F. Supp. 1204, 1215-16 (N.D. Ga. 1988) (collecting cases involving defendant classes of county sheriffs, state attorneys, and justices of the peace). When the motion originally was filed, this Court's primary concern with certifying a defendant class was the adequacy and fairness of Defendant Supervisor of Elections Kim Barton of Alachua County ("Defendant") as class representative, given the Supervisor's willingness to comply with some of Plaintiffs' demands juxtaposed to the utter defiance exhibited by some supervisors.[1]

---

[1] In fact, some supervisors even questioned the constitutionality of the Voting Rights Act.

2

However, since the substantive briefing on these issues in 2018, the facts have changed. The Secretary of State, no longer party to this litigation, has made final its new rules mandating county elections supervisors to provide certain support for Spanish-speaking voters. While Plaintiffs argue these new rules do not go far enough to meet the obligations imposed by the Voting Rights Act, Defendant disagrees. *See* ECF No. 171. This disagreement over the new status quo would appear relevant to the question of the adequacy and fairness of Defendant as representative for the proposed class of defendants. The parties must file supplemental briefs addressing the issue of the adequacy and fairness of Defendant as representative for the proposed class of defendants.

This Court invites an amicus curie brief from the Florida State Association of Supervisors ("Association") and any supervisor who is a proposed member of the defendant class. To that end, the Clerk is directed to contact Attorney Ronald A. Labasky,[2] general counsel to the Association, and copy him with this Order by fax or email. The Association may, but is not required, to file an amicus curiae brief addressing the issue of whether this Court should certify a defendant class or require Plaintiffs to join all 31 additional supervisors who are the subject of this litigation.[3]

---

[2] According to the Florida Bar directory, Attorney Labasky can be contacted at 850-222-7718 or rlabasky@bplawfirm.net.

[3] Besides Defendant, the 31 additional county supervisors of elections at issue in this action are: Bay, Brevard, Charlotte, Citrus, Clay, Columbia, Duval, Escambia, Flagler, Hernando, Highlands, Indian River, Jackson, Lake, Leon, Levy, Manatee, Marion, Martin, Monroe,

The purpose served by simultaneously certifying a class of plaintiffs is not clear. Though Plaintiffs resubmitted their Motion of Certification of Plaintiff Class in the Joint Notice Regarding Proposed Modified Preliminary Injunction Order, ECF No. 171, little of substance was included in this motion. Any substantive arguments for or against certification of a plaintiff class of "similarly-situated Spanish-speaking Puerto Ricans who are eligible to vote" in the 32 Florida counties at issue, ECF No. 4, should be made in the same supplemental briefing being ordered.

**IT IS ORDERED**:

1. Plaintiffs must file a supplemental brief **on or before September 30, 2020**, addressing the suitability of Defendant as a fair and adequate representative of a class of defendants, as well as arguments supporting its resubmitted motion for certification of a class of plaintiffs. Plaintiffs may address any other issue related to class certification in its supplemental briefing that it wishes.

2. Likewise, Defendant must file a supplemental brief **on or before September 30, 2020,** addressing Defendant's suitability as a fair and adequate representative of a class of defendants, as well as arguments regarding Plaintiffs' resubmitted motion for certification of a class of plaintiffs.

---

Okaloosa, Okeechobee, Pasco, Putnam, St. Johns, St. Lucie, Santa Rosa, Sarasota, Sumter, Taylor, and Wakulla.

Defendant may address any other issue related to class certification in its supplemental briefing that it wishes.

3. The Florida State Association of Supervisors and any of the 31 additional county supervisors of elections at issue in this case may each file an amicus curiae brief **on or before September 30, 2020** addressing the issue of class certification discussed above.  Of course, the Florida State Association of Supervisors and the 31 additional county supervisors of elections are **not required to file anything.**

**SO ORDERED on September 16, 2020.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**
