IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR, <br><br>PLAINTIFFS, <br><br>v. <br><br>KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections, <br><br>DEFENDANTS. | Case No. 1:18-cv-00152-MW-GRJ |

**AMICUS CURIAE BRIEF BY PAUL LUX, IN HIS OFFICIAL CAPACITY AS OKALOOSA COUNTY SUPERVISOR OF ELECTIONS REGARDING THE MOTION TO CERTIFY PLAINTIFF AND DEFENDANT CLASSES**

Pursuant to the Court's September 16, 2020 Order, ECF No. 172, PAUL LUX, IN HIS OFFICIAL CAPACITY AS OKALOOSA COUNTY SUPERVISOR OF ELECTIONS ("Supervisor Lux"), hereby respectfully submits this Amicus Curiae Brief regarding the Motion To Certify Plaintiff and Defendant Classes.

1

## INTRODUCTION

1. In summary, Supervisor Lux's position is that the court should decline to certify a defendant class because this case does not satisfy the typicality, commonality, or adequacy-of-representation requirements, as discussed below.

2. In addition, if the Court is inclined to certify a defendant class, then Supervisor Lux respectfully submits that Okaloosa County is different from other Florida Counties, and that as a result of these differences, discussed below, Okaloosa County should not be included in a class of Defendants composed of the 32 Florida Counties involved in this case.

3. Finally, without repeating them here, Supervisor Lux hereby incorporates by reference, adopts, and joins in the arguments contained in the Amicus Curiae Brief filed by attorney, Andy Bardos, on behalf of the Supervisors of Elections for Charlotte, Indian River, Lake, Manatee, Marion, Monroe, and Pasco Counties.

## LEGAL STANDARD

4. Federal Rule of Civil Procedure 23(a) provides that:

"One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class."

5. The Fourth Circuit has explained the typicality, commonality, and adequacy-of-representation requirements, as follows:

"The class action device, which is 'designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,' […] allows named parties to represent absent class members when, *inter alia*, the representative parties' claims are *typical* of the claims of every class member.  To be given the trust responsibility imposed by Rule 23, 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.' […]  That is, 'the named plaintiff's claim and the class claims [must be] so interrelated that the interests of the class members will be fairly and adequately protected in their absence.' […]  The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.' […]  The typicality requirement goes to the heart of a representative parties' ability to represent a class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements. […]  The representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (internal citations omitted).

## **ARGUMENT**

6. Because of the differences between Okaloosa County and other Florida Counties, it is not accurate to say that the representative party possesses the same interests as Okaloosa County.

7. Okaloosa County is different from other Florida Counties because Okaloosa County has very few, if any, Spanish-speaking Puerto Ricans who are eligible to vote.

8. Also, Supervisor Lux has implemented Spanish language ballots, and there is no evidence that there are any Spanish-speaking Puerto Ricans voters in Okaloosa County who are illiterate.

9. In addition, Supervisor Lux has been in contact with groups that advocate for the interests of Puerto Rican voters, and has asked what assistance they need from Okaloosa County, and has been told that they do not have any members in Okaloosa County who need assistance.

10. Thus, the claims against Okaloosa County are different from the claims against other Florida Counties, and therefore the relief that may be appropriate for the Court to grant against the Defendant Class would not be necessary or appropriate for the Court to grant against Okaloosa County.

11. Okaloosa County is also different from other Florida Counties because Spanish-speaking poll workers are not available in Okaloosa County.

12. Thus, an injunction requiring the Defendant Class to utilize Spanish-speaking poll workers would be impossible for Okaloosa County to comply with.

13. It is generally improper for a Court to issue an injunction that is impossible to comply with.  See, *e.g.*, *Hughey v. JMS Development Corporation*, 78 F.3d 1523 (11th Cir. 1996).  The *Hughey* Court explained that:

> "The injunctive relief issued by the district court on February 24, 1994, was improper not only because it was premised on an error of law, but also for the alternative reasons that the injunction lacked the specificity required by

Rule 65(d), and compliance with its terms was impossible. Accordingly, the permanent injunction is DISSOLVED." *Id.* at 1532.

14. Even if an injunction requiring Spanish-speaking poll workers would not be completely impossible for Okaloosa County to comply with, such an injunction would be unreasonably broad, as applied to Okaloosa County, in light of the unavailability of Spanish-speaking poll workers in Okaloosa County, together with the lack of need for Spanish-speaking poll workers in Okaloosa County.

15. It is generally improper for a Court to issue an injunction that is unreasonably broad. See, *e.g.*, *Keener v. Convergys Corp.*, 342 F.3d 1264 (11 Cir. 2003). The *Keener* Court explained that:

> "Injunctive relief should be limited in scope to the extent necessary to protect the interests of the parties. […] Finding the circumstances amenable to injunctive relief, the district court awarded it to Keener by permanently enjoining Convergys from attempting to enforce the NCA 'in any court worldwide.' […] The NCA is unenforceable under Georgia law, in Georgia. The district court extended the injunction beyond a reasonable scope by permitting the public policy interests of Georgia to declare an NCA unenforceable nationwide, when its law was not intended by the parties to apply in the first place. Accordingly, the injunction should be modified to preclude Convergys from enforcing the NCA in Georgia only." *Id.* at 1269-1270 (internal citations omitted).

16. In addition, Federal Rule of Civil Procedure 23(c)(5) provides that, "When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." See, also, *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993). The *Robidoux* Court explained that:

5

> "Though the court need not take on an onerous burden of identifying issues that may be appropriate for class action treatment or of constructing subclasses pursuant to Fed. R. Civ. P. 23(c)(4) ('class may be divided into subclasses'; class action may be maintained 'with respect to particular issues' […] there was no undue burden here." *Id*. at 937.

17. If this Court is inclined to certify a class of Defendants in this case, then the Court should divide the class into subclasses so that Okaloosa County can be treated differently from other Florida Counties, for the reasons discussed above.

18. Finally, the burden of proving that the requirements of Rule 23 have been met lies on the party seeking class certification.  See, *e.g.*, *Hudson v. Delta Air Lines*, 90 F.3d 451 (11th Cir. 1996).  The *Hudson* Court explained that:

> "Class certification is governed by Fed.R.Civ.P. 23.  Rule 23 permits the maintenance of a class action when (1) the class is so numerous that joinder of all of its members is impracticable, (2) questions of law or fact common to the class are present, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (4) the representative parties will sufficiently protect the interests of the class.  Fed.R.Civ.P. 23(a).  The burden of proving these prerequisites is on the representative party or parties seeking class certification." *Id*. at 456 (internal footnote omitted).

19. The Plaintiffs have failed to meet this burden in this case, and as a result, certification of a defendant class should be denied.

## **CONCLUSION**

For these reasons, the Court should decline to certify a defendant class.  In addition, if the Court is inclined to certify a defendant class, then Supervisor Lux respectfully submits that Okaloosa County is different from other Florida Counties,

and that as a result of these differences, Okaloosa County should not be included in a class of Defendants composed of the 32 Florida Counties involved in this case.

Dated: September 30th, 2020    Respectfully submitted,

                By: */s/D. Michael Chesser*_____
                    D. Michael Chesser (FBN 144850)
                    Chesser & Barr, P.A.
                    1201 Eglin Parkway
                    Shalimar, Florida 32579
                    Telephone: 850-651-9944
                    mike@chesserbarr.com
                    Attorneys for Amicus Curiae, Paul Lux, in his official capacity as Okaloosa County Supervisor of Elections

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local Rule 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this <u>30th</u> day of September, 2020.

*/s/D. Michael Chesser*_____
D. Michael Chesser (FBN 144850)
Chesser & Barr, P.A.
1201 Eglin Parkway
Shalimar, Florida 32579
Telephone: 850-651-9944
mike@chesserbarr.com
Attorneys for Amicus Curiae, Paul Lux, in his official capacity as Okaloosa County Supervisor of Elections
