# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**MARTA VALENTINA RIVERA
MADERA, on behalf of herself
and all others similarly situated,
FAITH IN FLORIDA, HISPANIC FEDERATION,
MI FAMILIA VOTA EDUCATION FUND,
UNIDOSUS, and VAMOS4PR,**

    *Plaintiffs,*

v.                                                                          CASE NO.: 1:18cv152-MW/GRJ

**KIM A. BARTON, in her official
Capacity as Alachua County Supervisor
of Elections,**

    *Defendant.*

_____/

## AMICUS CURIAE BRIEF OF THE FLORIDA SUPERVISORS OF ELECTIONS, INC.

Pursuant to the Court's Order dated September 16, 2020, the Florida Supervisors of Elections, Inc. ("FSE"), submits this <u>amicus curiae</u> brief "addressing the issue of whether this Court should certify a defendant class or require Plaintiffs to join all 31 additional Supervisors who are the subject of this litigation." (ECF No. 172 at 3.)  In summary, the FSE respectfully suggests that the Court should deny Plaintiffs' renewed request to certify a defendant class of 32 supervisors of elections ("Supervisors") and require the Plaintiffs to join the

remaining 31 Supervisors who are the subject of this litigation for the following reasons:

(1)   as set forth in the Secretary's Combined Response to Motions for Class Certification (ECF 72), and Kim A. Barton's Response to Motion for Class Certification (ECF 70), the Plaintiffs have failed to meet their burden of establishing any of the required elements for class certification under Rule 23(a);

(2)   the factual allegations in Plaintiffs' Motion for Certification of Defendant Class (ECF 5) are stale and fail to meet Plaintiffs' evidentiary burden;

(3)   adoption of Rules 1S-2.032 and 1S-2.034, Florida Administrative Code ("F.A.C."), obviates the need for a defendant class; and

(4)   a class action is not the appropriate vehicle for the specific tailored relief required by Section 4(e) of the Voting Rights Act ("Section 4(e)").

Introduction

The FSE[1] has been authorized to file this amicus curiae brief on behalf of 31 of its members who are the subject of this litigation.  Pursuant to Article VIII, Section 2(d) of the Florida Constitution and Chapters 97-106, Florida Statutes (the "Florida Election Code") each of the Supervisors is an independently elected county constitutional officer and is responsible for administering elections in the

---

[1] The Florida State Association of Supervisors of Elections, Inc. changed its name to the FSE in 2019.

Supervisors' respective counties. The FSE anticipates that several of the 31 Supervisors will accept the Court's invitation to file their own <u>amici curiae</u> briefs addressing whether a defendant class of 32 Supervisors should be certified in this case.

<u>Plaintiffs Have Failed to Meet Their Burden of Establishing any of the Required Elements for Class Certification Under Rule 23(a).</u>

The responses filed by the Secretary of State (ECF 72) and by Defendant Barton (ECF 70) clearly articulate why certification of a defendant class is inappropriate in this case, and the FSE will not repeat those arguments in this <u>amicus curiae</u> brief. However, several additional points merit comment.

First, Plaintiffs' claim that joinder of the defendant class members is impracticable (ECF 5 at 15) is erroneous. In recent consolidated litigation in the Northern District of Florida, in which issues involving access to Spanish-language election materials were specifically raised, the plaintiffs (some of whom were represented by the same counsel representing Plaintiffs in this case) were able to join each of the 67 Supervisors <u>and</u> each of the 67 county canvassing boards in the State of Florida. <u>See</u> <u>Nielsen et al. v. DeSantis et al.</u>, (Case No. 4:20-cv-00236-RH-MJF). That case resulted in a negotiated resolution of all issues and voluntary dismissal of all claims. Clearly if joinder of 134 separate local elections officials was practicable in that case, it would be even easier to join the remaining 31

Supervisors involved in this case. The 31 Supervisors can be easily located at their local offices and served—no impediments to joinder exist.

Second, the cases cited by Plaintiffs where courts have previously certified a defendant class of all 67 Supervisors are clearly distinguishable from this case. See, e.g., CBS, Inc. v. Smith, 681 F. Supp. 794 (S.D. Fla. 1988). Each of the cases relied on by the Plaintiffs involved challenges to specific provisions of the Florida Election Code that were being enforced by Supervisors in each of Florida's 67 counties. No such provision of state law is at issue here. Moreover, not one of the cases cited by Plaintiffs involved certification of a subset of fewer than each of the 67 Supervisors in the State.[2]

Third, the FSE strongly supports Defendant Barton's position that she is not an adequate representative of a putative defendant class. Moreover, given the unique demographic characteristics of each county's voters, the Supervisor is best positioned to address Section 4(e) issues in his or her respective county and is not in a position to address the specific circumstances of other counties. Accordingly, the FSE is not aware of any Supervisor who would be an appropriate class representative for the putative defendant class. Certainly, no Supervisor has informed the FSE that he or she meets the criteria to be an adequate class

---

[2] The FSE is not aware of any other state or federal court certifying a class consisting of a subset of the 67 Supervisors.

4

representative and would be willing to volunteer to be designated as a class representative.

Class Certification is an Evidentiary Issue and Plaintiffs Can't Meet Their Burden to Certify a Class with Stale Facts.

Class certification is an evidentiary issue.  See Herrera v. JFK Med. Ctr. Ltd. P'ship, 648 Fed. App'x 930, 934 (11th Cir. 2016).  The Plaintiffs must present evidence to establish that each of the 32 Supervisors is currently violating Section 4(e).  The only evidence of record in this case is at least two years old.  For example, the four registered voters allegedly born in Puerto Rico who reside in Taylor County that form the sole basis for Plaintiffs' claim against the Taylor County Supervisor in this case may no longer reside in Taylor County.  If 32 individual Supervisors are to be required to appear in federal court and forced to be part of a defendant class, the Plaintiffs must be required to meet their burden and provide up-to-date evidence that Section 4(e) voters reside in each of the 32 Supervisor's counties, and the Supervisors should be allowed to rebut the Plaintiffs' allegations.

Adoption of Administrative Rules Requiring Spanish-Language Ballots and a Polling Place Procedures Manual Obviates the Need for a Defendant Class.

In April of this year, the Secretary of State adopted Rule 1S-2.032, F.A.C. (requiring unilingual or multi-lingual Spanish-language ballots in all 67 counties of the State) and Rule 1S-2.034, F.A.C., (amending the State's existing polling place

procedures manuals to include specific guidance concerning Spanish-language access and related issues in polling places in all 67 counties). With the adoption of these rules, the FSE strongly believes that it is no longer necessary (without conceding that it ever was) to certify a defendant class of 32 Supervisors. The newly adopted administrative rules require all Supervisors in Florida, including each of the 32 Supervisors involved in this case, to provide a Spanish-language ballot to any registered voter who requests one. If a Supervisor fails to do so, administrative remedies under Florida law are available. Alternatively, the hypothetical non-compliant Supervisor could be separately sued. Further, the Florida Secretary of State could pursue an action pursuant to Section 97.012(14), Florida Statutes. There simply is no longer a need to certify a defendant class in this case.

<u>Certification of a Defendant Class is Not the Appropriate Procedural Vehicle to Provide the Narrowly Tailored Relief Required by Section 4(e).</u>

As a general rule, injunctive relief should be "narrowly tailored" to address the alleged harm. <u>Osmose, Inc. v. Viance, LLC</u>, 612 F. 3d 1298, 1323 (11th Cir. 2010). Similarly, any relief provided under Section 4(e) should be tailored to address the specific circumstances of the county at issue. For example, a small county with only a handful of Section 4(e) voters should not be required to implement the same corrective actions as a county with a sizeable number of Section 4(e) voters. Quite simply, one size does not fit all. Accordingly, the

Plaintiffs should be required to join each of the remaining 31 Supervisors; and if it is determined that a Supervisor is not complying with Section 4(e), the Court should tailor a remedy that addresses the specific circumstances of that county.

Conclusion

On behalf of its 31 Supervisor-members, the FSE strongly opposes certification of a defendant class in this case and respectfully requests that the Court deny Plaintiffs' renewed request to certify a defendant class.

Respectfully submitted this 30th day of September, 2020.

/s/Ronald A. Labasky
Ronald A. Labasky, Esquire
Florida Bar No.: 206326
Brewton Plante, P.A.
215 S. Monroe St., STE 825
Tallahassee, FL  32301
Telephone: (850) 222-7718
Facsimile:  (850) 222-8222
Primary email:
rlabasky@bplawfirm.net
Secondary email:
fsase@bplawfirm.net
Executive Assistant to Ronald A. Labasky

/s/John T. LaVia, III
John T. LaVia, III
Florida Bar No.:  835666
Gardner, Bist, Bowden, Bush, Dee, LaVia, Wright & Perry, P.A.
1300 Thomaswood Drive
Tallahassee, FL  32308
Telephone:  (850) 385-0070

7

Facsimile:   (850) 385-5416
Primary email: jlavia@gbwlegal.com
Secondary email: shari@gbwlegal.com

*Attorneys for the FSE*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 30, 2020, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/*John T. LaVia, III

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that this amicus curiae brief complies with the size, font, and formatting requirements of Local Rule 5.1(C).  The undersigned further certifies that this Response complies with the word limit in Local Rule 7.1(F); it contains 1,359 words, excluding the case style, signature block, and certificates.

*/s/*John T. LaVia, III