IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

MARTA VALENTINA RIVERA
MADERA, etc., *et al*.,

    Plaintiffs,

v.                                             Case No. 1:18-cv-00152-MW-GRJ

KIM A. BARTON, etc.,

    Defendant.
_____/

**HERNANDO COUNTY SUPERVISOR OF ELECTIONS'
AMICUS CURIAE BRIEF IN OPPOSITION TO CLASS CERTIFICATION**

    Amicus Curiae, SHIRLEY ANDERSON, in her official capacity as the Hernando County Supervisor of Elections ("Amicus"), by and through her undersigned counsel and pursuant to the Court's invitation, files this her Brief in opposition to the certification of either a plaintiff or a defendant class.

**I.**     **Preliminary Statement.**

    Amicus thanks the opportunity that the Court has given her to address the issue of class certification. Since Amicus does not wish to belabor the issue by repeating arguments that other parties have made, Amicus incorporates <u>Defendant Kim A. Barton's Response to Motion for Class Certification</u> (Doc. 70), <u>Secretary's Combined Response to Motions for Class Certification</u> (Doc. 72), <u>Amicus Curiae Brief of the</u>

Florida Supervisors of Elections, Inc. (Doc. 178), and Seven Supervisors of Elections' Amicus Curiae Brief in Opposition to Class Certification (Doc. # Pending). Accordingly, Amicus addresses four issues that remain unaddressed.

## II.     Questions Presented by Amicus in this Brief

1.     The Eleventh Circuit Court of Appeals has held that a request to a court for relief does not constitute a valid motion if it is embedded within another document that is not, itself, a motion. In the instant action, Plaintiffs embedded the "resubmission" of their previously-denied class certification motions within a document that was not a motion. Accordingly, does this Court have class certification motions pending before it?

2.     Courts have consistently held that motions in which a party requests that a court revisit a prior order granting or denying a class, no matter how titled, should be adjudicated pursuant to the standard applicable to motions for reconsideration. Plaintiffs purport to have "resubmitted" class certification motions, verbatim, that this Court previously denied. Have Plaintiffs established the grounds for a rehearing of the Court's order denying the class certification motions?

3.     The Eleventh Circuit has held that when a proffer of expert testimony that is critical to a class certification motion is challenged, a district court must determine whether the proffered testimony is admissible under the standard established in and

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*[1] Plaintiffs, in their motions for class certification, rely on a political scientist's now two-years-old expert declaration. The named representative of the proposed defendant class, however, has not challenged the validity of the expert's declaration. Does her failure to do so provide evidence that she will not be an adequate representative of the proposed defendant class?

4. In an action for injunctive or declaratory relief, the Eleventh Circuit has held that a class cannot be maintained in the absence of an actual, imminent risk of harm. Do the declarations that Plaintiffs submitted in support of their motions for class certification in 2018 establish a risk that they currently face a real risk of being harmed in the absence of an injunction?

**(The Remainder of this Page Has Been Intentionally Left Blank)**

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

### III. Legal Arguments

    **A.** **There Are No Class Certification Motions Currently Pending Before the Court.**

This Court, in a footnote to its <u>Order Dismissing Case in Part and Requiring Parties to File Proposed Modified Preliminary Injunction Order</u>, advised the parties that it "will consider any additional motions regarding class certification or mootness if filed or resubmitted by the appropriate party."[2] Plaintiffs, in their response to that Order, included the following statement, "Plaintiffs hereby resubmit their Motion for Certification of Plaintiff Class and Motion for Certification of Defendant Class, found at ECF Nos. 4, 5, with supporting papers found at ECF Nos. 2.1-2.4, 3, 3.1-3.46, 4.1-4.3, 5.1-5.3, 25, 48."[3]

Plaintiffs, by making that statement, neither filed motions for class certification with the Court nor revived their previously-denied motions. This is because Fed. R. Civ. P. 7(b)(1) requires that "a request for a court order must be made by [a] motion" that is "in writing[,] unless made during a hearing or trial," that "state[s] with particularity the [movant's] grounds for seeking the order[,] and . . . state[s] the relief sought."[4] In *Newton v. Duke Energy Fla., LLC*, the Eleventh Circuit Court of Appeals

---

[2] Doc. 170 at 6, n.2.

[3] <u>See</u> Doc. 171 at 3.

[4] Fed. R. Civ. P. 7(b)(1) (alterations added).

held that a party's request for relief does not constitute a motion when it is encapsulated within a document that is not itself a motion.[5] In other words, the failure to comply with Fed. R. Civ. P. 7(b)(1) "prevents 'motions' from being motions at all."[6]

### B. Plaintiffs Are Actually Asking this Court to Reconsider Its Order Denying Their Class Certification Motions.

Assuming *arguendo*, that Plaintiffs have resubmitted their previously-filed class certification motions, those motions effectively ask this Court to reconsider its Order Denying Plaintiffs' Motion for Class Certification (Doc. 107).[7]

Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Pursuant to that Rule,

---

[5]See *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (holding request for relief within in opposition to motion to dismiss did not constitute a motion); see also *Stallworth v. McKinney*, 2020 WL 2772395, at *1 (M.D. Ala. May 28, 2020) (holding request to extend time embedded in response to motion to dismiss did not constitute a valid motion for an extension of time).

[6]*McConico v. Wal-Mart Stores, Inc.*, 2020 WL 2767328, at *7 (N.D. Ala. May 28, 2020).

[7]See *Sustainable Forest, L.L.C. v. Qwest Commc'ns Int'l, Inc.*, 2006 WL 8422988, at *4 (D. S.C. Feb. 23, 2006) (holding motion for leave to file new class certification was, "in essence, a motion for reconsideration" of prior order denying class certification); see also Reconsideration, Black's Law Dictionary (Abridged 6th ed. 1991)(defining reconsideration as the "reexamination, and possibly a different decision by the entity that initially decided it").

district courts routinely consider motions to reconsider class certification orders.[8] Courts evaluate motions seeking to revisit class certification orders, no matter how such motions are titled, as motions for reconsideration.[9]

Since a motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly,"[10] the standard applicable to such motions is

---

[8] See *Cabrera v. Gov't Employees Ins. Co.,* 2015 WL 464237, at *4 (S.D. Fla. Jan. 16, 2015); see also 3 Newberg on Class Actions § 7:35 (5th ed.).

[9] See *Fitzwater v. Consol Energy, Inc.*, 2020 WL 3620078, at *6 (S.D.W. Va. July 2, 2020) (applying reconsideration standard to "renewed" class certification motion); *D.C. by & through Garter v. Cty. of San Diego*, 2018 WL 692252, at *2 (S.D. Cal. Feb. 1, 2018), aff'd, 783 F. App'x 766 (9th Cir. 2019)(applying reconsideration standard to "renewed" class certification motion); *Kubiak v. S.W. Cowboy, Inc.*, 2015 WL 12859422, at *1 (M.D. Fla. Mar. 11, 2015) (applying reconsideration standard to "motion to alter or amend" class certification order); *Cabrera*, 2015 WL 464237, at *5 (applying reconsideration standard to "renewed" class certification motion); *Barton v. RCI, LLC*, 2014 WL 5762214, at *1 (D.N.J. Nov. 5, 2014) (applying reconsideration standard to second class certification motion); *Gustafson v. BAC Home Loans Servicing, LP*, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014) (applying reconsideration standard to motion seeking leave to file "renewed" class certification motion); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (applying reconsideration standard to motion seeking leave to file "second" class certification motion); *Sustainable Forest, L.L.C. v. Qwest Commc'ns Int'l, Inc.*, 2006 WL 8422988, at *4 (D. S.C. Feb. 23, 2006) (holding motion for leave to file new class certification was, "in essence, a motion for reconsideration" of prior order denying class certification); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 901–02 (S.D. Ohio 2003) (applying reconsideration standard to motion to decertify class); *Washington v. Vogel*, 158 F.R.D. 689, 692-93 (M.D. Fla. 1994) (applying reconsideration standard to "renewed" class certification motion).

[10] *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

rigorous. A movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct error or prevent manifest injustice."[11]

What a party cannot do is what Plaintiffs have attempted to do in this case: file a successive class certification motion that is identical to one that the court has previously denied. "[C]ourts should not condone a series of rearguments on the class issues . . . in the guise of motions to reconsider class rulings."[12] Rule 23(c)(1)(C) "is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion."[13] The movant must show "some justification" for filing another motion, "and not simply a desire to have a second or third run at the same issues."[14]

---

[11] *Mills v. Foremost Ins. Co.*, 2010 WL 4840050, at *2 (M.D. Fla. Nov. 23, 2010) (denying motion to reconsider class certification order); see also *Hood v. Perdue*, 300 Fed App'x 699, 700 (11th Cir. 2008); 3 Newberg on Class Actions § 7:35 (5th ed.).

[12] *Washington v. Vogel*, 158 F.R.D. 689, 692-93 (M.D. Fla.1994) quoting 2 H. Newberg and A. Conte, Newberg on Class Actions (3d ed. 1992) § 7.47 at 7–146).

[13] *Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003).

[14] *Hartman*, 291 F.R.D. at 596-97 (denying motion to file second class certification motion); see also *Friend v. Hertz Corp.*, 2014 WL 4415988, at *2 (N.D. Cal. Sept.8, 2014) ("In the absence of subsequent developments warranting a revision, however, the Court ordinarily has little reason to revisit the issue of the propriety of its original determination.").

As a result, Plaintiffs so-called "resubmitted" class certification motions are facially insufficient. Plaintiffs have failed to address whether they have satisfied the reconsideration standard. "Motions to reconsider based on recycled arguments only serve to waste the resources of the court, and are not the proper vehicle to rehash old arguments or advance legal theories that could have been presented earlier."[15] Respectfully, Plaintiffs' bare assertion that "[t]he Court's order dismissing the Secretary . . . eliminates [the Court's] ground for denying class certification,"[16] just does not suffice.[17]

### C. Supervisor Barton's Failure to Challenge the Admissibility of Dr. Daniel A. Smith's Expert Declaration Evidences that She Will Not Adequately Represent the Defendant Class.

The fact that named defendant KIM A. BARTON apparently will not be challenging the admissibility of the Declaration of Dr. Daniel A. Smith in Support of

---

[15] *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002).

[16] Doc. 171 at 3 (docket number omitted).

[17] See *Vogel*, 158 F.R.D. at 692-93 ("the Court finds no basis upon which to reconsider its prior denial of class certification"); see also *Fitzwater*, 2020 WL 3620078, at *6 (denying renewed class certification motion as movants had "not offered new evidence, 'materially changed or clarified circumstances,' or any other ground on which to reopen the class certification issue"); *Barton*, 2014 WL 5762214, at *2 (denying second motion for class certification "[i]n the absence of any material change in circumstances"); *Hartman*, 291 F.R.D. at 597 (denying motion for leave to file successive class certification motion); *Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 367 (D. Mass. 2009) (denying renewed motion for class certification).

Motion for Preliminary Injunction, Motion for Plaintiff Class Certification, and Motion for Defendant Class Certification (Doc. 2-2) (the "Declaration" or the "Smith Declaration")[18], undermines Plaintiffs' argument that she will adequately represent the defendant class.[19]

### 1. Dr. Smith's Declaration Provides Critical Support to Plaintiffs' Class Certification Motions.

Plaintiffs heavily rely on the expert opinion of political scientist Dr. Daniel A. Smith in both their Motion for Certification of Defendant Class (Doc. 5) and their Motion for Certification of Plaintiff Class (Doc. 4). The Smith Declaration provides the sole record evidence in support of Plaintiffs' allegations that (1) members of the proposed plaintiff class reside in each of the 32 counties that comprise the proposed defendant class; (2) the proposed plaintiff class consists of more than 30,000 people who are adults of Puerto Rican descent, speak Spanish at home, and are of limited English proficiency; and (3) at least 36,500 registered voters who reside in the 32 counties of the proposed defendant class listed Puerto Rico as their place of birth.[20] With regard to the proposed plaintiff class, Plaintiffs cannot establish either

---

[18] See Doc. 70 at 2, ¶ 3, at 3, ¶ 5, and at 5, ¶ 7.

[19] See Doc. 5 at 12.

[20] See Doc. 4 at 4, 11 citing Doc. 2-2 at ¶¶13, 19, Tbl. 1, and Tbl. 2; Doc. 5 at 4-5, 11, 14 citing Doc 2-2 at ¶ 9, ¶13, ¶ 14, ¶ 18, ¶ 19, ¶ 24, Table 1, and Table 2.

numerosity or that absent class members have standing to sue the 31 absent members of the proposed defendant class.[21] Vis-a-vis the proposed defendant class, Plaintiffs would be unable to establish typicality, commonality, and that certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B) without the Smith Declaration.[22]

### 2. The Court Will Have to Proceed through a Full *Daubert* Analysis if the Smith Declaration Were to Be Challenged.

The Eleventh Circuit has held that when a class certification motion is based upon the testimony of an expert, as Plaintiffs' motions depend on Dr. Smith's testimony, the movant has the burden of proving that the expert's testimony is admissible under the standards established by Fed. R. Evid. 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* by a preponderance of the evidence.[23]

---

[21] See Doc. 4 at 4, 11 citing Doc. 2-2 at ¶¶13, 19, Tbl. 1, and Tbl. 2. Amicus assumes that the named plaintiff has established her standing against the named defendant.

[22] Doc. 5 at 4-5, 11, 14 citing Doc 2-2 at ¶ 9, ¶13, ¶ 14, ¶ 18, ¶ 19, ¶ 24, Table 1, and Table 2.

[23] Compare *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999) with *Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin. Corp.,* 762 F.3d 1248, 1258 n.7 (11th Cir. 2014); *Sher v. Raytheon Co.*, 419 F. App'x 887, 890-91 (11th Cir. 2011).

In other words, "[d]istrict courts in the Eleventh Circuit must perform a full *Daubert* analysis when an expert's testimony is critical to class certification."[24]

Rule 702 sets forth the basic test for determining whether a witness may be allowed to testify as an expert. "A witness . . . is qualified as an expert by knowledge, skill, experience, training, or education" if four criteria are met: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[25]

In *Daubert*, the Supreme Court held that Rule 702 requires courts to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable."[26] For expert testimony to be reliable, "it must be 'scientific,' meaning grounded in the methods and procedures of science, and must constitute 'knowledge,' meaning

---

[24]*Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 381 (N.D. Fla. 2017) (internal quotation marks omitted). See also *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir.2005) (providing analytic framework for *Daubert* analysis).

[25]Fed. R. Evid. 702.

[26]*Id.* at 589.

something more than subjective belief or unsupported assumptions."[27] Under the second prong of *Daubert*, proffered expert testimony must be "'relevant to the task at hand,' . . . i.e., that it logically advances a material aspect of the case."[28] "There must be an 'appropriate fit' between the proffered opinion and the facts of the case."[29] Fit is "the ultimate touchstone of admissibility."[30]

### 3. A Strong Argument Can Be Made that the Smith Declaration, and the Data Underlying It, Are Too Remote to Constitute Relevant, Admissible Evidence.

Evidence can be too remote in time or space from the proposition being proved to be admissible.[31] A strong argument can be made that the Smith Declaration's temporal remoteness renders it irrelevant or of so little weight that it is inadmissible

---

[27]*McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004) quoting *Daubert*, 509 U.S. at 590.

[28]*Id* at1299 quoting *Daubert*, 509 U.S. at 591.

[29]*Coral Way L.L.C. v. Jones*, 2006 WL 5249734, at *2 (S.D. Fla. Oct. 17, 2006) quoting *McDowell*, 392 F.3d at 1299; see also *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1347 (11th Cir. 2003) (holding evidence fits when it is tied to the facts of the case and it aids the trier of fact in resolving a factual dispute).

[30]*Holbrook v. Lykes Bros. Steamship Co.*, 80 F.3d 777, 784 (3d Cir. 1996).

[31]*United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978) (holding "temporal remoteness depreciates the probity of extrinsic evidence").

under *Daubert*'s second prong.[32] While the Court must determine whether to certify the proposed classes now, the Declaration expresses Dr. Smith's opinions concerning the relevant facts as of the date he signed it, August 14, 2018.[33]

Furthermore, Dr. Smith reached his opinions by reviewing data that is now at least two years old. He identified in his Declaration the sources of the data that he relied upon when rendering his opinions. First, he drew upon the United States Census Bureau's *2011-2015 American Community Survey 5-Year Estimates* (ACS).[34] Second, Dr. Smith states that he drew upon two data sources that were created by the Florida Division of Elections: (1) the Florida Voter Registration System's ("FVRS") July 2018 "Voter Extract," and (2) a data file, "PRR_171130_BIRTHPLACE.txt", that Dr. Smith presumed was created on November 30, 2017.[35] Finally, Dr. Smith utilized a report written by Gustavo López and Eileen Patten entitled "Hispanics of Puerto Rican

---

[32]See *Taylor v. Nix*, 240 F. App'x 830, 836 (11th Cir. 2007) (holding proffered documents had no probative value due to temporal remoteness); *Goulah v. Ford Motor Company,* 118 F.3d 1478, 1484 (11th Cir. 1997) (same); *Watkins v. Bowden,* 105 F.3d 1344, 1352 n.16 (11th Cir. 1997) (same).

[33]See Doc. 2-2 at 19.

[34]Doc. 2-2 at 4, ¶ 7, at 5-6, ¶ 10-11, n. 2-4, at 7, at 12, ¶ 12-13, n. 5, at 8, ¶ 14-15, at 9, Table 1, and at 17, ¶ 23, n. 11-12.

[35]*Id* at 4, ¶ 8, at 10, ¶ 16-17, n. 6, at 12, ¶18-19, n. 8-9, at 15, Table 2, at 18, ¶ 23-24, n. 13-14.

Origin in the United States, 2013," that was published by the Pew Research Center's Hispanic Trends on September 15, 2015.[36]

Those reports, however, were subsequently superseded. On December 19, 2019, the United States Census Bureau released the *2014-2018 American Community Survey 5-Year Estimates*.[37] The Florida Division of Elections continually updates the Florida Voter Registration System and issues an updated Voter Extract each month.[38] Finally, the Pew Research Center issued an updated report, "Facts on Hispanics of Puerto Rican Origin in the United States, 2017," on September 16, 2019.[39]

### 4. The Named Defendant Has Not Challenged the Smith Declaration.

Presumably, an adequate representative for the proposed defendant class would challenge the Smith Declaration's admissibility. Since the named defendant has

---

[36] *Id* at 5 n.1.

[37] See Press Release, U.S. Census Bureau, Department of Commerce, American Community Survey 2014-2018 5-Year Estimates Now Available, Release Number CB19-196 (December 19, 2019).

[38] See https://dos.myflorida.com/elections/data-statistics/voter-registration-statistics/voter-registration-reportsxlsx/ (last visited September 28, 2020).

[39] Luis Noe-Bustamante, Antonio Flores, and Sono Shah, "Facts on Hispanics of Puerto Rican Origin in the United States, 2017," Pew Research Center Hispanic Trends (September 16, 2019) available at https://www.pewresearch.org/hispanic/fact-sheet/u-s-hispanics-facts-on-puerto-rican-origin-latinos/ (last visited September 28, 2020).

informed the Court that she "does not intend to actively defend this matter,"[40] however, one must assume that she will not be challenging Plaintiffs' use of the Declaration to support their class certification motions.

### D. Plaintiffs' Proposed Defendant Class is Overinclusive, at Least as to Amicus.

Plaintiffs' Complaint seeks an award injunctive and declaratory relief against the defendant class.[41] Specifically, Plaintiffs seek a judgment enjoining the defendant class "from conducting or allowing the conducting of elections without Spanish-language ballots and sufficient Spanish-language election materials and assistance," and requiring the members of the defendant class to provide "all election materials . . . including but not limited to paper ballots, voting machine ballots, sample ballots, absentee ballots, voting guides, voting instructions, registration materials, polling place signage, and websites," and that their offices provide sufficient assistance to Spanish-speaking electors.[42]

---

[40] Doc. 70 at 5, ¶ 7.

[41] See Doc. 1 at 1, ¶ 1, and at 27, Prayer for Relief ¶ 2.

[42] See id at 27, Prayer for Relief ¶ 2.

Since neither injunctive nor declaratory relief may be premised on past injury,[43] Plaintiffs will have to ultimately prove "a real and immediate – as opposed to a merely hypothetical or conjectural – threat of future injury" by the proposed defendant class to the proposed plaintiff class' members.[44]

Plaintiffs support their allegations that Amicus is conducting "English-Only" elections, and thus belongs in the proposed defendant class, with only the declarations of two fact witnesses, Stuart C. Naifeh and Ahren Lahvis. On one hand, Mr. Naifeh provides testimony regarding correspondence that he sent to Amicus in early 2018.[45] On the other hand, Mr. Lahvis provides testimony about a review of Amicus' website that he conducted on July 31, 2018, and a telephone conversation that he had with Amicus on August 1, 2018.[46]

Since Plaintiffs filed Messrs. Naifeh and Lahvis' declarations on August 16, 2018, Amicus has conducted three elections and is in the process of conducting a

---

[43] See *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *Dombrowski v. Pfister*, 380 U.S. 479, 485, (1965) ("Injunctive relief looks to the future."); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005) ("First, we note that an injunction is limited to prospective relief.").

[44] *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994) (internal citation and quotation marks omitted).

[45] See Doc. 3 at 4-7; Doc. 3-5, *passim*; Doc. 3-29, *passim*.

[46] See Doc. 2-3 at 12-13.

fourth,[47] and maintains that she fully complied with the requirements of 52 U.S.C. §10303(e) when doing so.

As noted supra, evidence can be too remote in time or space from the proposition being proved to be admissible.[48] As with all other members of the proposed defendant class, Plaintiffs need to ultimately prove that there is an immediate likelihood that Amicus will harm the members of the proposed plaintiff class by violating 52 U.S.C. §10303(e) in the absence of an injunction. While past misconduct can create "[a]n inference . . . future violations may occur,"[49] such allegations cannot serve as a substitute for the proffering of "evidence from which it appears there is a substantial likelihood that he will suffer injury in the future."[50]

Respectfully, Plaintiffs' failure to submit temporally-relevant evidence demonstrating the risk of irreparable harm in the absence of an injunction or

---

[47] The 2018 General Election, 2020 Presidential Preference Primary, the 2020 Primary, and the 2020 General Election.

[48] *Beechum*, 582 F.2d at 915.

[49] *F.T.C. v. Citigroup, Inc.*, 239 F. Supp. 2d 1302, 1306 (N.D. Ga. 2001) (alterations added).

[50] *AA Suncoast Chiro.Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1179 (11th Cir. 2019) quoting *Malowney v. Fed. Coll. Dep. Grp.*, 193 F.3d 1342, 1346–47 (11th Cir. 1999) (decertifying injunction class where named plaintiffs failed to establish risk of future injury).

declaratory relief is fatal to their motion to certify a defendant class, as the class would be overinclusive, at least as to Amicus.[51]

## IV. Conclusion.

Amicus respectfully suggests to the Court that it should refrain from ruling as no class certification motions are pending before it. If the Court determines that Plaintiff has validly "resubmitted" the class certification motions that this Court previously denied, Amicus suggests the Court should deny the motions anew.

### Certificate of Service

I HEREBY CERTIFY that on September 30, 2020, I electronically filed the foregoing with the Clerk of the Court utilizing the electronic filing system, pursuant to Local Rule 5.1(F), which shall send a notice of electronic filing to all counsel of record.

/s/ Jon A. Jouben
Jon A. Jouben, Esq.  (FBN 149561)
Jjouben@co.hernando.fl.us
Alt. E-Mails:     cao@co.hernando.fl.us
                  phare@co.hernando.fl.us
20 N. Main Street, Suite 462
Brooksville, FL 34601
352-754-4122 / 352-754-4001 Fax
Attorney for Amicus, SHIRLEY ANDERSON

---

[51] See *AA Suncoast*, 938 F.3d 1170, 1178 (11th Cir. 2019) citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011).

## Certificate of Compliance

Pursuant to Rule 7.1(F) of the Local Rules of the Northern District of Florida, I certify that the foregoing Brief contains less than 8,000 words.

/s/ Jon A. Jouben
Jon A. Jouben, Esq.  (FBN 149561)