**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| MARTA VALENTINA RIVERA MADERA, on behalf of herself and all others similarly situated; FAITH IN FLORIDA, HISPANIC FEDERATION, MI FAMILIA VOTA EDUCATION FUND, UNIDOSUS, and VAMOS4PR,<br><br>PLAINTIFFS,<br><br>v.<br><br>KIM A. BARTON, in her official capacity as Alachua County Supervisor of Elections, on behalf of herself and similarly-situated County Supervisors of Elections,<br><br>DEFENDANTS. | Case No. 1:18-cv-152-MW-GRJ |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF AND DEFENDANT CLASSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. The Alachua County Supervisor of Elections Is a Fair and Adequate Representative of the Defendant Class ........ 2

II. Certification of a Plaintiff Class Is Appropriate ........ 9

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Bernard v. Gulf Oil Co.*,
619 F.2d 459 (5th Cir. 1980) ....................................................................6

*CBS Broadcasting Inc. v. Smith*,
681 F.Supp. 794 (S.D. Fla. 1988) ..............................................................2

*Consol. Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2d Cir. 1995) ........................................................................5

*Cullen v. New York State Civil Serv. Comm'n*,
435 F.Supp. 546 (E.D.N.Y. 1977) .............................................................6

*McKay v. Cty. Election Comm'rs for Pulaski Cty., Ark.*,
158 F.R.D. 620 (E.D. Ark. 1994) ..........................................................3, 7

*Nat'l Broad. Co. v. Cleland*,
697 F.Supp. 1204 (N.D. Ga. 1988) ...........................................................5

*Nelson v. Warner*,
___ F.Supp.3d ___, No. CV 3:19-0898, 2020 WL 3547949
(S.D. W. Va. June 30, 2020) ...............................................................3, 6

*Ruocco v. Brinker*,
380 F.Supp. 432 (S.D. Fla. 1974) ..............................................................9

*Strawser v. Strange*,
307 F.R.D. 604 (S.D. Ala. 2015) ...............................................................9

*Valley Drug Co. v. Geneva Pharm., Inc.*,
350 F.3d 1181 (11th Cir. 2003) .................................................................6

## Federal Statutes

Voting Rights Act Section 4(e) ....................................................1, 4, 5, 9

**Rules and Regulations**

Fed. R. Civ. P. 23
(c)(1)(C). .......... 6
(c)(2) .......... 11
(d)(1)(C). .......... 6
(e)(1) .......... 11
(e)(4) .......... 11
(g). .......... 6

# INTRODUCTION

Plaintiffs submit this brief in response to the Court's September 16, 2020 Order Requiring Supplemental Briefing (ECF No. 172) regarding certification of defendant and plaintiff classes across the 32 Counties at issue in this case. The evolution of this case over the past two years makes clear that it is appropriate to certify both a defendant class of Supervisors of Elections ("Supervisors") and a plaintiff class of the citizens protected by Section 4(e) of the Voting Rights Act.

Defendant Alachua County Supervisor of Elections Kim Barton is a fair and adequate representative of the defendant class because her interests in avoiding liability are aligned with those of the other Supervisors, as she has demonstrated by taking positions directly adverse to Plaintiffs and affirmatively litigating those positions—including by recently moving to dissolve the Court's preliminary injunction and dismiss Plaintiffs' complaint. Further, no party has disputed that the proposed plaintiff class meets all the Rule 23 requirements. Certification of the plaintiff class is appropriate and in the interests of judicial efficiency.

The Court should certify both classes and promptly issue a modified preliminary injunction directly applicable to the 32 Supervisors in the defendant class, to ensure the protection of the fundamental right to vote for Spanish-speaking Puerto Rico-educated American citizens in the rapidly approaching November 3, 2020 General Election.

## I. The Alachua County Supervisor of Elections Is a Fair and Adequate Representative of the Defendant Class

A defendant class of Supervisors satisfies all Rule 23 requirements for the reasons set forth in Plaintiffs' prior briefing. *See* ECF No. 171 at 3 (listing class certification briefing and supporting evidence); *see also* Sept. 16, 2020 Order, ECF No. 172, at 2 ("There is nothing unusual about certifying a class of defendants comprising county officials from a state's numerous counties.") (citing cases). The Court ordered supplemental briefing focused on the question of whether Defendant Barton is an adequate class representative. *See* ECF No. 172 at 3. In the parties' class certification briefing, Defendant Barton has taken the position that she is not an adequate representative because she allegedly is not adverse to Plaintiffs and does not want to serve as a class representative. *See, e.g.*, ECF No. 70 at 2, 5 (asserting that Defendant voluntarily agreed to provide some—but not all—of Plaintiffs' requested relief and thus would not "actively" defend Plaintiffs' claims); *see also* ECF Nos. 175, 175-1, 180.

Plaintiffs have previously refuted Defendant's arguments. *See* ECF No. 5 at 12-13 & n.3; ECF No. 82 at 5-7. As Plaintiffs have explained, because Defendant Barton is "empowered with the same election law enforcement and oversight functions as every other county Supervisor, [she] can fairly and adequately protect the interests of the Defendant class of Supervisors." *CBS Broadcasting Inc. v. Smith*, 681 F.Supp. 794, 802 (S.D. Fla. 1988) (certifying defendant class of Florida

Supervisors of Elections). Given that Defendant Barton's stated intention to provide partial Spanish assistance is both voluntary and falls short of the full relief Plaintiffs seek, she has the same interest as all of the other Supervisors in avoiding a binding court order holding her in violation of federal law and requiring that full relief. *See McKay v. Cty. Election Comm'rs for Pulaski Cty., Ark.*, 158 F.R.D. 620, 624-25 (E.D. Ark. 1994) (certifying class and appointing named representative even though class representative had agreed to provide some relief under statute at issue).

Moreover, Defendant Barton's conduct before this Court makes clear that she is directly adverse to, and will actively litigate against, Plaintiffs' claims. As her own recent motion to dismiss and other recent filings show, Defendant Barton is asserting defenses to and arguments against Plaintiffs' claims that are common across the Supervisors, and she intends to and is affirmatively and vigorously litigating those defenses and arguments. *See* ECF No. 175 (moving to dismiss Plaintiffs' claims); ECF No. 171 at 7-8, 10-11 (opposing class certification); *see also Nelson v. Warner*, __ F.Supp.3d ___, No. CV 3:19-0898, 2020 WL 3547949, at *4 (S.D. W. Va. June 30, 2020) (certifying statewide defendant class of county ballot commissioners and finding named commissioner an adequate representative because she had demonstrated her ability to defend the class by moving to dismiss and opposing class certification).

In the parties' most recent joint filing, Defendant Barton stated unequivocally that she "opposes the entry of a preliminary injunction on the grounds stated in her and the Secretary of State's responses to Plaintiffs' motion for preliminary injunction, ECF Nos. 41, 42, and in the amicus curiae brief filed by the Florida State Association of Supervisors of Elections, ECF No. 40." ECF No. 171 at 6. She "reaffirms" and "incorporates" *all* the arguments that have been raised against Plaintiffs throughout this litigation. *Id.* And Defendant Barton goes even further, by arguing that the Secretary of State's ("Secretary") new rules make Plaintiffs' claims moot. *Id.* at 6-7. On top of that, Defendant Barton also recently filed a motion affirmatively seeking to "dissolve the Preliminary Injunctions entered by this Court" based on similar arguments. ECF No. 175.

Defendant Barton—just like the other Supervisors—is plainly adverse to Plaintiffs on the main legal issue in the case: the scope of the legal requirements imposed by Section 4(e). Plaintiffs contend that the Secretary's new rules on Spanish-language election materials fall short of ensuring compliance with Section 4(e) because they do not: (1) cover all elections; (2) require Spanish-language vote-by-mail materials; (3) require Spanish-language information outside of polling places; (4) require sufficient oral assistance in Spanish; (5) require both paper and electronic Spanish-language ballots; or (6) require bilingual Spanish-language ballots. ECF No. 161 at 3-9. Defendant Barton, by contrast, contends

that the rules satisfy any Section 4(e) obligations the Supervisors may have. *See* ECF No. 171 at 7-8, 10-11; ECF 175 at 3-4. She accordingly recently moved to dismiss Plaintiffs' claim as moot based on the Secretary's new rules. *See* ECF No. 175 at 3, 7; *see also* ECF No. 171 at 7-8 (stating that the Secretary's new rules moot the case). Plaintiffs, for their part, strongly disagree that the rules moot the case.

The legal issues in this case—that is, the requirements of Section 4(e) and the effect of the Secretary's rules on Plaintiffs' Section 4(e) claim—are common across all Supervisors in the proposed defendant class, and Defendant Barton's interests and positions are aligned with those of the other Supervisors in avoiding a finding of liability on those issues. By raising and litigating those common legal issues, Defendant Barton has demonstrated that she is a fair and adequate representative of the defendant class. *See, e.g.*, *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483-84 (2d Cir. 1995) ("Where there are legal issues common to the class, the representative who defends his own interests will also be protecting the interests of the class."); *Nat'l Broad. Co. v. Cleland*, 697 F.Supp. 1204, 1217 (N.D. Ga. 1988) ("It will often be true that, merely by protecting his own interests, a named defendant will be protecting the class. Where, as here, the legal issues as to liability are entirely common to members of the defendant class, there is little reason to fear unfairness to absentees.") (quotation marks omitted).

Defendant Barton has not identified—and cannot identify—any "fundamental" conflict that would render her an inadequate representative for Supervisors in the class. *See Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) ("the existence of minor conflicts alone will not defeat a party's claim to class certification: the conflict must be a fundamental one going to the specific issues in controversy") (quotation marks omitted); *Nelson*, 2020 WL 3547949, at *3 ("[T]here is always the possibility that some members of the class will take a position different from that of those who have assumed the laboring oar in a litigation. But such differences of opinion do not preclude a class action.") (citation omitted).

But to the extent such a conflict were to arise, or to avoid the potential for such a conflict, the Court could appoint additional class counsel to ensure that all Supervisors' positions are represented. *See* Fed. R. Civ. P. 23(c)(1)(C) (court may alter or amend class certification order), (d)(1)(C) (court certifying class may issue orders that "impose conditions on the representative parties") (g) (court certifying class must appoint class counsel); *Bernard v. Gulf Oil Co*., 619 F.2d 459, 479 (5th Cir. 1980) ("Rule 23(d) … gives a district court extensive power to manage a class action ….") (quotation marks omitted); *see, e.g.*, *Cullen v. New York State Civil Serv. Comm'n*, 435 F.Supp. 546, 564 (E.D.N.Y. 1977) (*sua sponte* appointing law

professor as additional class counsel to ensure absentee class members were adequately represented).

Alternatively, were it to become necessary after certifying a defendant class, the Court could grant Plaintiffs leave to amend their complaint to name an additional defendant Supervisor to represent the positions of other Supervisors that may conflict with Defendant Barton's position (though no such conflict is currently apparent). *See McKay*, 158 F.R.D. at 624 ("afford[ing] leave to plaintiffs to designate additional representatives for [the] defendant class during the merit phase of the proceedings").

For instance, the Court could appoint Ronald Labasky, counsel for the Florida Supervisors of Elections, Inc. ("FSE"), as additional defendant class counsel. FSE has represented in this case that it "acts as a collective voice for [Florida] supervisors of elections," and thus is "uniquely positioned" to provide the 32 Supervisors' position to the Court. *See* FSE Amicus Brief, ECF No. 30, at 2, 3. Mr. Labasky has already appeared in this case on behalf of FSE to represent the views of its member Supervisors on the merits, *see id.*, and on class certification, *see* ECF No. 178 at 2 ("FSE has been authorized to file this amicus curiae brief on behalf of 31 of its members who are the subject of this litigation."). In addition, it is Plaintiffs' counsel's understanding, based on other recent cases involving the Supervisors, that Mr. Labasky also represents at least four of the individual

Supervisors at issue in this case, including the Supervisors for Clay, Duval, Martin, and St. Lucie Counties.[1] If it became necessary, Plaintiffs could name one or more of those Supervisors as additional defendants to represent the class (though there is no current need to do so).

Similarly, were it to become necessary after certifying a defendant class, the Court could additionally appoint as class counsel one of the several attorneys who appeared in this case to file amicus curiae briefs on behalf of other Supervisors opposing class certification, *see* ECF Nos. 176 (Okaloosa), 177 (Leon), 179 (Charlotte, Escambia, Indian River, Lake, Manatee, Marion, Monroe, and Pasco), 181 (Hernando), 182 (Brevard, Flagler, and Highlands), or Plaintiffs could be granted leave to name the Supervisor of one of those Counties as an additional defendant, to ensure the views of other Supervisors are represented (though the Supervisors' redundant amicus briefs, which repeat the same basic arguments advanced by Defendant Barton, themselves make clear that no additional class representatives are necessary).

Therefore, the issue of a fair and adequate representative is not a barrier to certifying a defendant class of Supervisors, and the Court should certify the defendant class.

---

[1] The Duval Supervisor's "strained and selective reading" of the first preliminary injunction order in this case necessitated an emergency motion and ruling on the eve of the November 2018 election. ECF No. 77; ECF No. 79 at 3.

## II. Certification of a Plaintiff Class Is Appropriate

No party has disputed that the proposed plaintiff class meets all Rule 23 requirements. As set forth in Plaintiffs' prior briefing and supporting evidence, the plaintiff class is adequately defined because it is based on objective, knowable criteria; the class is sufficiently numerous because it contains tens of thousands of members; there are common questions of law and fact, such as what Spanish-language election materials and assistance are required by Section 4(e) and whether the Secretary's rules moot the case; Plaintiff Rivera's claim is typical because the class members' claims are based on the same legal theories and same pattern or practice of failing to provide sufficient Spanish-language ballots, election materials, and assistance; and Plaintiff Rivera will adequately protect the class's interests because she has no conflicts. *See* ECF No. 4.

The Court has indicated that it may view certifying a plaintiff class as unnecessary if a defendant class is certified. ECF No. 172 at 4. Courts, however, regularly certify both plaintiff and defendant classes in the same action. *See, e.g.*, *Strawser v. Strange*, 307 F.R.D. 604, 608 (S.D. Ala. 2015) (certifying statewide classes of plaintiffs seeking marriage licenses and defendant county probate judges); *Ruocco v. Brinker*, 380 F.Supp. 432, 433 (S.D. Fla. 1974) (certifying statewide classes of plaintiff property owners and defendant judicial circuit clerks).

While no party has suggested that it is strictly necessary to certify a plaintiff class to obtain relief against a certified defendant class of the 32 Supervisors, it is nonetheless advisable to certify the proposed plaintiff class in the interests of judicial efficiency. The Court previously declined to certify defendant and plaintiff classes on the basis that, at the time, it appeared such classes were "not necessary" because the Court could order relief against the Secretary. ECF No. 107 at 1. But the later-arising *Jacobson* decision and arguments by the Secretary removed that avenue for relief, impacting the Court's existing preliminary injunction on the eve of a national election, and resulting in further briefing and delay to resolve the procedural issues now before the Court. To avoid the possibility of similar procedural complexities going forward, the Court should certify a plaintiff class now.

There are no downsides to certifying a plaintiff class. Because it would be a Rule 23(b)(2) class for an injunction applicable across the class, there is no requirement for class notice or opt-out procedures. *See* Fed. R. Civ. P. 23(c)(2), (e)(1), (e)(4) & Adv. Comm. Note, 2003 Amend. Certifying a plaintiff class thus will not increase the expense or complexity of the action, but will instead safeguard against potential unexpected future costs, delay, and uncertainty. Therefore, the Court should certify the plaintiff class.

## CONCLUSION

For the foregoing reasons, the Court should certify both plaintiff and defendant classes and promptly issue the modified preliminary injunction order Plaintiffs proposed in the parties' August 21, 2020 joint filing, EFC No. 171-1, to protect Spanish-language dominant voters educated in Puerto Rico in the rapidly approaching General Election.

Dated: September 30, 2020

Respectfully submitted,

By: */s/ Matthew J. Murray*
Matthew J. Murray

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org

CHIRAAG BAINS* (*pro hac vice*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

STUART NAIFEH (*pro hac vice*)
MIRANDO GALINDO (*pro hac vice*)
Demos
80 Broad St, 4th Floor
New York, NY 10004

STEPHEN P. BERZON (*pro hac vice*)
STACEY M. LEYTON (*pro hac vice*)
MATTHEW J. MURRAY (*pro hac vice*)
CORINNE F. JOHNSON (*pro hac vice*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com
*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER *(pro hac vice)*

(212) 485-6055
snaifeh@demos.org
mgalindo@demos.org

*Attorneys for Plaintiffs*

Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org
*Attorneys for Plaintiffs Mi Familia Vota Education Fund and Vamos4PR*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local Rule 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 30th day of September, 2020.

*/s/ Matthew J. Murray*
Matthew J. Murray