# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARTA VALENTINA RIVERA
MADERA, on behalf of herself and all
others similarly situated; FAITH IN
FLORIDA, HISPANIC FEDERATION,
MI FAMILIA VOTA EDUCATION
FUND, UNIDOSUS, and VAMOS4PR,

        PLAINTIFFS,

v.

KIM A. BARTON, in her official
capacity as Alachua County Supervisor
of Elections, on behalf of herself and
similarly-situated County Supervisors
of Elections,

        DEFENDANTS.

Case No.
1:18-cv-152-MW-GRJ

**PLAINTIFFS' OPPOSITION TO DEFENDANT KIM A. BARTON'S
MOTION TO DISSOLVE PRELIMINARY INJUNCTIONS
AND DISMISS CASE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION .................................................................................1

  I.   There is No Basis to Dissolve the Preliminary Injunction .............................2

 II.   Plaintiffs' Claim is Not Moot .......................................................6

        a.  Defendant Barton has not provided all the relief
           Plaintiffs seek .................................................................6

        b.  Defendant Barton's compliance with the preliminary
           injunction does not moot Plaintiffs' claim ...........................10

III.   Plaintiffs Have Standing ..........................................................15

CONCLUSION ...............................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bakery Sales Drivers Local Union No. 33 v. Wagshal*,
  333 U.S. 437 (1948).............................................................10

*Bardfield v. Chisholm Properties Circuit Events, LLC*,
  No. 3:09CV232/MCRMD, 2009 WL 1940575 (N.D. Fla. July 6,
  2009) .......................................................................................2

*Carr v. Alta Verde Indus., Inc.*,
  931 F.2d 1055 (5th Cir. 1991) ............................................15

*Checkers Drive-In Restaurants Inc. v. One Hundred Twenty, LLC*,
  No. 811CV2462T35MAP, 2012 WL 13106396 (M.D. Fla. Feb. 8,
  2012) .......................................................................................2

*Doe v. Wooten*,
  747 F.3d 1317 (11th Cir. 2014) .......................................11, 12, 13, 14

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
  344 F.3d 1263 (11th Cir. 2003) ...........................................15

*Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*,
  320 F.3d 1205 (11th Cir. 2003) ...........................................10

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ...............................................2

*Knox v. Serv. Emps. Int'l Union, Local 1000*,
  567 U.S. 298 (2012).............................................................6, 9

*Morrison v. Amway Corp.*,
  323 F.3d 920 (11th Cir. 2003) ...............................................9

*Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*,
  860 F.2d 1022 (11th Cir. 1988) ...........................................10

*Puerto Rican Org. for Political Action v. Kusper*,
  490 F.2d 575 (7th Cir. 1973) .................................................7

*Republican Nat'l Comm. v. Democratic Nat'l Comm.*,
   140 S. Ct. 1205 (2020)...........................................................................4

*Rich v. Sec'y, Fla. Dep't of Corr.*,
   716 F.3d 525 (11th Cir. 2013) ...................................................13, 14

*Stein v. Buccaneers Ltd. Partnership*,
   772 F.3d 698 (11th Cir. 2014) .............................................................14

**Statutes**

F.S. §97.021(12)......................................................................................7

Voting Rights Act Section 4(e), 52 U.S.C. §10303 .........................*passim*

**Regulations**

Rule 1S-2.032(1), F.A.C. ........................................................................7

Rule 1S-2.032(3)(b), F.A.C. ...............................................................7, 8

Rule 1S-2.032(3)(c), F.A.C. ..................................................................8

Rule 1S-2.034, F.A.C. ...........................................................................7

## INTRODUCTION

The Court should deny Defendant Barton's motion to dismiss and should keep the existing preliminary injunction in place.  Defendant Barton improperly seeks to upend the status quo on the eve of the November 3, 2020 presidential election.  The Court has correctly entered a preliminary injunction to ensure the Supervisor of Elections' ("Supervisors") compliance with Section 4(e) of the Voting Rights Act, 52 U.S.C. §10303 ("Section 4(e)"), and Defendant Barton provides no intervening factual or legal basis to reverse that decision and dissolve the preliminary injunction right before the election.

Contrary to Defendant Barton's contention, Plaintiffs' claims are not moot.  Defendant Barton's self-serving and untested declaration that she will cease *some* of her unlawful conduct is insufficient to moot Plaintiffs' claims.  There is still a live dispute over the extent of Spanish-language election materials and assistance that Defendant Barton and the other Supervisors must provide to comply with Section 4(e), and the Court can still provide Plaintiffs effectual declaratory and injunctive relief on that dispute.  Moreover, it is established that compliance with a preliminary injunction does not moot a case, and neither does voluntary cessation of illegal conduct in response to litigation.

The proper course for this litigation is to deny Defendant Barton's motion to dismiss, certify the plaintiff and defendant classes, apply the preliminary injunction

to the defendant class of Supervisors, and set a schedule for discovery beginning after the Supervisors have completed their administration of the November 3, 2020 election.

## I. There is No Basis to Dissolve the Preliminary Injunction

Defendant Barton falls well short of carrying her burden to show that the preliminary injunction should be dissolved. "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019); *see also Bardfield v. Chisholm Properties Circuit Events, LLC*, No. 3:09CV232/MCRMD, 2009 WL 1940575, at *1 (N.D. Fla. July 6, 2009) ("The issue before a court on a motion to dissolve a preliminary injunction is whether the moving party has shown changed circumstances that warrant relief."); *Checkers Drive-In Restaurants Inc. v. One Hundred Twenty, LLC*, No. 811CV2462T35MAP, 2012 WL 13106396, at *1 (M.D. Fla. Feb. 8, 2012) ("Modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable.") (brackets, quotation marks omitted).

Defendant Barton has not shown any changed circumstances that justify dissolving the current preliminary injunction, let alone dissolving it on the eve of a

presidential election.  Defendant Barton's assertions that she is complying with the preliminary injunction provide no basis for dissolving that injunction.  If they did, preliminary injunctions would be dissolvable whenever the defendant was not committing contempt.  Defendant Barton again asserts that she will voluntarily provide some of Plaintiffs' requested relief if the injunction is dissolved.  ECF No. 175-1.  But she asserted a similar intention to provide partial relief in an attempt to avoid the original preliminary injunction, *see* ECF No. 41 at 16-17; ECF No. 41-1 ¶11, and the Court correctly issued the injunction anyway.  ECF No. 59.  The Court then issued a second preliminary injunction despite the Supervisors' asserted compliance with the first preliminary injunction.  ECF No. 131 at 2-8 (incorporating ECF Nos. 57 and 59) (collectively, finding Plaintiffs are likely to succeed on the merits of their VRA Section 4(e) claims; voters face irreparable harm without an injunction; the balance of the harms favors Plaintiffs; and the public has a strong interest in ensuring all eligible citizens can vote).  The preliminary injunction remains appropriate for all the same reasons now.[1]

_____

[1] Of course, in light of the dismissal of the Secretary of State as a defendant, ECF No. 170, the preliminary injunction should apply directly to Defendant Barton and a defendant class of the 32 Supervisors of Elections at issue in this litigation.  *See* ECF No. 171 at 2-6 and Ex. A (Plaintiffs' proposed modified preliminary injunction).

Defendant Barton also relies on the Secretary of State's ("Secretary") new rules requiring certain Spanish-language election materials, ECF No. 175 at 3, 7-8, but those rules fall short of providing Puerto Rican-educated, Spanish-language dominant voters the protections required by Section 4(e), for the reasons described below. *See infra*, Section II.  And, unlike the preliminary injunction, Defendant Barton does not identify any way for Plaintiffs or the Court (or other voters) to enforce Defendant's Barton's or other Supervisors' compliance with those rules, let alone to effectively enforce compliance in the imminent election.  *See* ECF No. 175 at 9 (stating only that the Secretary of State could enforce the rules).

Moreover, dissolving the preliminary injunction at this late stage would work a drastic change to the status quo right before the November 3, 2020 presidential election.  Defendant Barton offers no justification for waiting until the eve of the election before bringing her motion, when the Secretary's rules took effect almost half a year ago, in April.  The Supervisors should already be preparing and using the Spanish-language ballots and other election materials required by the preliminary injunction.  The Court must not make radical changes to the legal regime governing the election so close before the election takes place.  *See Republican Nat'l Comm. v. Democratic Nat'l Comm*., 140 S. Ct. 1205, 1207 (2020) ("This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.") (collecting cases).

4

Not only would dissolving the preliminary injunction now inject the potential for confusion and mistakes into the Supervisors' ongoing election administration, in contravention of well-established election law principles, *see id.*, but it would leave hundreds of voters in Alachua County, and thousands of voters across the other 31 Counties at issue, unprotected and without recourse in the event the Spanish-language ballots, election materials, and assistance required by Section 4(e) are not provided.  *See* ECF No. 2-2 (Dan Smith, Ph.D. Declaration).

In contrast, there is zero harm to Defendant Barton from keeping the preliminary injunction in place.  After all, her brief represents that she will provide the Spanish-language materials and assistance required by the preliminary injunction for the upcoming November 3, 2020 election regardless of whether it remains in place, Dkt. 175 at 3, and thus she will not incur (and has not contended that she will incur) any additional costs or burdens if the preliminary injunction is not dissolved.  Indeed, shortly after the Secretary's new rules issued, Defendant Barton expressly *agreed* that the preliminary injunction should remain in place, including through the presidential election, while the parties litigated the case.  *See* ECF No. 161 at 10-14 (Plaintiffs proposing a case schedule that left the preliminary injunction in place), 16 (Defendant Barton "has no objection to the schedule as laid out").  That remains the proper approach for the Court to take.

## II. Plaintiffs' Claim is Not Moot

### a. Defendant Barton has not provided all the relief Plaintiffs seek

Plaintiffs' Section 4(e) claim is not moot, for several reasons.  To begin, *partial* compliance, by definition, cannot moot a case; rather, a case "becomes moot only when it is impossible for a court to grant *any effectual relief whatever* to the prevailing party."  *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (italics added, internal quotation marks omitted).  Because Defendant Barton does not purport to provide all the Spanish-language election materials and assistance that Plaintiffs maintain are required by Section 4(e), and in fact affirmatively disagrees that such materials and assistance are necessary under Section 4(e), the Court can plainly still grant some effectual relief to Plaintiffs.

Specifically, Defendant Barton states that she intends to follow the Secretary's new rules regarding Spanish-language ballots and polling place procedures.  ECF No. 175-1 at 4.  Defendant Barton has also contended that those rules satisfy any Section 4(e) obligations she has.  *See* ECF No. 171 at 7-8, 10-11.  Plaintiffs' claim, however, is that the rules' requirements do not satisfy the Supervisors' obligations under Section 4(e) for at least six reasons.  *See* ECF No. 161 at 2-10 (Plaintiffs' statement why further litigation is necessary).

First, the rules by their terms do not appear to cover all elections in Florida, leaving out "special," "special primary," and "municipal" elections. *Compare* Rule 1S-2.032(1), F.A.C. *with* F.S. §97.021(12).

Second, the rules do not ensure vote-by-mail ballots and materials are available to Spanish-language dominant voters, *see* Rule 1S-2.032(3)(b), F.A.C., which is especially critical to ensuring such voters can vote effectively during the ongoing COVID-19 crisis, *see* ECF 131 at 4 ("The right to vote 'encompasses the right to an effective vote.'") (quoting *Puerto Rican Org. for Political Action v. Kusper*, 490 F.2d 575, 580 (7th Cir. 1973)).

Third, the rules do not require the provision of any Spanish-language election materials or information outside of physical polling places, *see* Rule 1S-2.032(1), F.A.C.; ECF No. 156-5 (Polling Place Procedures Manual incorporated in Rule 1S-2.034, F.A.C.), but the ability to cast an effective vote depends on access to official information about elections *before* the elections take place, including information about the election dates, times, locations, the candidates and measures on the ballot, and so on.

Fourth, the rules do not ensure the provision of in-person oral assistance in Spanish, ECF No. 156-5 (Manual) at 25, which will leave voters with unanswered election questions unable to effectively cast their votes.

Fifth, the rules do not require both paper and electronic ballots in Spanish, Rule 1S-2.032(3)(b), (c), F.A.C., which means that Supervisors providing only one type of Spanish-language ballot will disenfranchise voters who rely on the other type (e.g., disabled voters relying on electronic ballots; voters who cannot vote in person relying on mail-in ballots).

Sixth, the rules do not require bilingual ballots, Rule 1S-2.032(3)(b), (c), F.A.C., which threatens to disenfranchise Spanish-language voters by creating a risk of intimidation, loss of secrecy of their ballots, and insufficient Spanish ballots at each polling location.[2]

Although Defendant Barton also states that she "intend[s]" to voluntarily provide additional Spanish-language materials and assistance, ECF Nos. 175, 175-1 at 4, those additional materials would not constitute full compliance with the Section 4(e) requirements for some of the same reasons.  For instance, Defendant Barton's declaration states that she will *not* be providing bilingual ballots; fails to

---

[2] In contrast to the Secretary's rules, the Court's preliminary injunction requires not just official Spanish-language ballots and Spanish-language information at polling places, but also Spanish-language vote-by mail materials, all official written election materials and information, including voting guides and websites, in Spanish, Spanish information about assistance at the polls, efforts to hire and train bilingual pollworkers, and a toll-free election hotline staffed by bilingual workers, and covers all elections administered by the Supervisors.  ECF 131 at 9-12.  The preliminary injunction does not require, and Defendant Barton has not committed to, providing Spanish translations of *all* ballot forms (paper and electronic) or providing bilingual, rather than unilingual, ballots.  Plaintiffs continue to seek this additional relief.

confirm that the Spanish-language materials will be provided for all elections in Alachua County; and fails to confirm that she will be providing both paper *and* electronic Spanish ballots.

There thus remains a "live controversy" between Plaintiffs and Defendant Barton as to the scope of the protections required by Section 4(e) and whether Defendant Barton's actions satisfy those requirements. *Knox*, 567 U.S. at 307. Indeed, Defendant Barton *concedes* that Plaintiff Rivera retains a claim as to "whether or not Supervisor Barton's actions result in any injury to her or do not otherwise meet the requirements of the Voting Rights Act," ECF No. 175 at 6, and that Plaintiffs are "entitled to a declaration of whether the rules ... meet the requirements of the Voting Rights Act, and whether Supervisor Barton ... has taken sufficient action for her particular jurisdiction," *id.* at 8. This controversy about the requirements of Section 4(e) is not limited to Plaintiffs and Defendant Barton, but rather extends across all Supervisors in the proposed defendant class. Because the Court can still grant effectual relief to Plaintiffs on this controversy, Plaintiffs' claim is not moot.[3]

---

[3] To the extent Defendant Barton asks the Court to rule *now* that her alleged actions would satisfy Section 4(e), the Court may not do so. That question goes directly to the merits of Plaintiffs' Section 4(e) claim. Courts may only dismiss a claim for lack of subject matter jurisdiction (such as the mootness challenge raised here) "if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." *Morrison v. Amway Corp*., 323 F.3d 920, 925 (11th

### b. Defendant Barton's compliance with the preliminary injunction does not moot Plaintiffs' claim

Even if Defendant Barton had committed to provide all the relief that Plaintiffs seek (she has not), Plaintiffs' claim still would not be moot. Defendant Barton's assertions regarding the Spanish-language materials she has provided in elections since this case was filed should be deemed irrelevant to the mootness analysis, because those actions were required by the Court's preliminary injunctions. It is well-established that a defendant's asserted compliance with a preliminary injunction does not moot a plaintiff's claims. *See Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) ("it would be contrary to Supreme Court precedent to dismiss this case [as moot] merely because [the defendant] complied with an injunction") (collecting cases); *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1209 n.2 (11th Cir. 2003) ("compliance with the terms of an injunction does not moot a case where the action in question could be resumed") (citing *Bakery Sales*

---

Cir. 2003) (brackets, quotation marks omitted). Where, as here, "a jurisdictional challenge does implicate the merits of the underlying claim then: The proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (brackets, ellipses, quotation marks omitted). Because Defendant Barton's motion to dismiss implicates the merits of Plaintiffs' Section 4(e) claim, the Court should deny the motion and allow the parties to proceed with discovery, followed by resolution of the merits through motions for summary judgment or trial.

*Drivers Local Union No. 33 v. Wagshal*, 333 U.S. 437, 442 (1948) (court must assume compliance with court order *pendente lite* is "merely obedience" to the court)).  The Court need go no further to deny the motion to dismiss.

Moreover, even if Defendant Barton's actions were entirely voluntary, rather than required by the Court's preliminary injunctions, it is well-established that a defendant's assertions of voluntary compliance are generally insufficient to moot a case.  "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014) (brackets, quotation marks omitted).  The requisite showing depends on the facts and circumstances of the case, but courts evaluate such factors as the "timing and content" of the cessation decision, whether the cessation is "unambiguous," and whether the termination is "the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction."  *Id.* at 1323.  Those factors all show that Plaintiffs' claim is not moot.

As to timing, despite being contacted by Plaintiffs several months before this litigation regarding Defendant Barton's noncompliance with Section 4(e), *see* ECF No. 3 ¶¶5-6 (Stuart Naifeh Declaration explaining Defendant Barton's initial position that she did not need to comply with Section 4(e)), Defendant Barton did not agree to provide partial relief until immediately *after* she was named as a

11

defendant in this case, and only then in a blatant attempt to avoid being named class representative and to avoid a preliminary injunction, *see* ECF No. 70 at 3 ("Defendant Barton has made this decision based upon ... her unwillingness to participate further in litigation ...."), ECF No. 41-1 ¶11 ("In response to Plaintiffs' suit, I am willing to ...."). Similarly, after two years of litigation and a stay, Defendant Barton only now proposes to provide further partial relief in order to oppose Plaintiffs' resubmitted class certification motion and support her motion to dismiss. *See* ECF No. 171 (Plaintiffs' August 21, 2020 position), 172 (Court's September 16, 2020 request for supplemental briefing), 175 (Barton's September 29, 2020 motion to dismiss). This timing "suggests a change was made simply to deprive the District Court of jurisdiction." *Wooten*, 747 F.3d at 1325.

As to the content of the decision, although Defendant Barton now recognizes that Section 4(e) applies to her, nowhere does Defendant Barton agree that all the actions she now proposes to take are required to comply with Section 4(e). *See generally* ECF No. 175, 175-1. In fact, Defendant Barton has vigorously disputed that Section 4(e) requires her to provide such Spanish-language materials, including Spanish-language official ballots, *see* ECF No. 41 at 9 ("No such specific materials and assistance [as requested by Plaintiffs] are required or anticipated by the language of the statute."), 15, 17-18 ("The statutory language of paragraph (e) does not require counties to expend funds providing the same

12

materials as provided to the language majority when the Puerto Rican, Spanish-speaking population might be much smaller ...."); *see also* ECF No. 171 at 7-8, 10-11 (contending that the Secretary's rules, which require considerably less Spanish-language support than the Court's preliminary injunction, satisfy any Section 4(e) obligations the Supervisors may have).  Defendant Barton's motion to dismiss does not change her position, but rather makes clear that she is only purporting to provide these materials to placate the Court.  *See, e.g.*, Dkt. 175 at 2 ("The Court has made clear that *its interpretation* of the Voting Rights Act requires ....") (italics added); *see also Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 532 (11th Cir. 2013) (claim was not moot where defendant continued to defend voluntarily ceased practice and "never promised not to resume the prior practice").

Defendant Barton's alleged (partial) compliance with Section 4(e) going forward is far from unambiguous.  She states that she "intend[s]" to provide certain Spanish-language election assistance and materials in future years, ECF No. 175-1 at 4; however, that decision is not permanent, but rather is revisited with the creation of the budget for each fiscal year, *id.* at 3, which must be approved by the County, ECF No. 41-1 ¶6.  *See Wooten*, 747 F.3d at 1324 (finding claims not moot because defendants' alleged change was "not permanent" but rather "subject to review every two years").  Defendant Barton is named in her official, not individual capacity, so her personal "intentions" aside, she has identified no change

13

in any of her formal or official policies or rules that will constrain her (or future Alachua County Supervisors) to provide additional materials beyond those required by the Secretary's regulation.  There is thus "nothing to suggest that [the Supervisor] would not simply end the [new conduct] at some point in the future." *Rich*, 716 F.3d at 532.[4]

Because Defendant Barton has not shown it is "absolutely clear," *Wooten*, 747 F.3d at 1322, that her wrongful behavior could not reasonably be expected to recur, the case is not moot, and Plaintiffs are entitled to adjudication of their claims for declaratory and injunctive relief establishing the Spanish-language election materials and assistance that Supervisors must provide going forward.[5]

---

[4] Although government actors are sometimes accorded "more leeway than private parties in the presumption that they are unlikely to resume illegal activities," such leeway for a government actor is only triggered "*after* it has shown *unambiguous termination* of the complained of activity." *Wooten*, 747 F.3d at 1322 (second italics added).  Defendant Barton has made no such showing here.

[5] Even if the claim against Defendant Barton were moot, that would not moot Plaintiffs' claims against the remaining Supervisors in the proposed defendant class.  Therefore, in the event the Court finds Plaintiffs' claim against Defendant Barton is moot, Plaintiffs request leave to amend their complaint to add a new named defendant Supervisor.  *Cf. Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698, 704 (11th Cir. 2014) ("Even if the [named plaintiff's] individual claims are somehow deemed moot, the class claims remain live, and the named plaintiffs retain the ability to pursue them.").

### III.  Plaintiffs Have Standing

This Court has already rejected Defendant Barton's contention that Plaintiffs do not have standing to bring their Section 4(e) claim.  ECF No. 104 (denying Defendant Barton's first motion to dismiss challenging Plaintiffs standing, ECF No. 41, for the reasons stated in ECF No. 57); ECF No. 57 at 21-22 (Plaintiffs have shown injury).  Defendant Barton attempts to raise the very same standing arguments again, ECF No. 175 at 5, but gives the Court no reason to reconsider its prior ruling.  The Court should deny Defendant Barton's repetitive motion to dismiss on standing grounds for the same reasons it denied the first motion to dismiss.  *See* ECF No. 73 at 4-8 (Plaintiffs' opposition explaining that Plaintiffs' complaint adequately alleges standing).[6]

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Barton's motion to dismiss, certify both plaintiff and defendant classes, and promptly issue the modified preliminary injunction order Plaintiffs proposed in the parties' August 21,

---

[6] Because standing is judged solely as of the date of filing, events that have occurred after the lawsuit was filed have no bearing on Plaintiffs' standing. *See Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed."); *Carr v. Alta Verde Indus., Inc*., 931 F.2d 1055, 1061 (5th Cir. 1991) ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint, and subsequent events do not deprive the court of jurisdiction.").

2020 joint filing, EFC No. 171-1, to protect Spanish-language dominant voters educated in Puerto Rico in the rapidly approaching presidential election.

Dated:  October 13, 2020

Respectfully submitted,

By: */s/ Matthew J. Murray*
    Matthew J. Murray

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
kromero@latinojustice.org

CHIRAAG BAINS* (*pro hac vice*)
Demos
740 6th Street NW, 2nd Floor
Washington, DC 20001
cbains@demos.org

* Not admitted in the District
of Columbia; practice limited pursuant
to D.C. App. R. 49(c)(3).

STUART NAIFEH (*pro hac vice*)
MIRANDO GALINDO (*pro hac vice*)
Demos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
mgalindo@demos.org

*Attorneys for Plaintiffs*

STEPHEN P. BERZON (*pro hac vice*)
STACEY M. LEYTON (*pro hac vice*)
MATTHEW J. MURRAY (*pro hac vice*)
CORINNE F. JOHNSON (*pro hac vice*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
sberzon@altber.com
sleyton@altber.com
mmurray@altber.com
cjohnson@altber.com
*Attorneys for Plaintiffs*

KATHERINE ROBERSON-YOUNG
(FL SBN 38169)
Service Employees International Union
11687 NE 18th Dr.
North Miami, FL 33181-3278
(954) 804-2710
katherine.roberson-young@seiu.org

NICOLE G. BERNER (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Ave, NW
Washington, D.C. 20036
(202) 730-7383
nicole.berner@seiu.org
*Attorneys for Plaintiffs Mi Familia Vota*
*Education Fund and Vamos4PR*

16

## CERTIFICATE OF WORD COUNT

Pursuant to Northern District of Florida Local Rule 7.1(F), I certify that, according to the word count of the word processing system used to prepare this document, the foregoing memorandum contains 3665 words.

*/s/ Matthew J. Murray*
Matthew J. Murray


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Northern District of Florida Local Rule 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 13th day of October, 2020.

*/s/ Matthew J. Murray*
Matthew J. Murray